[Crim. No. 44789. Second Dist., Div. Three. Oct. 2, 1984.]

THE PEOPLE, Plaintiff and Respondent, v.
DONALD LEON SABADOS, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

---

*The opinion filed contains portions which need not be published. Pursuant to rule 976.1 of the California Rules of Court, it is ordered that the portions of the opinion commencing with the Facts Concerning the Motion to Suppress Evidence and concluding with the Discussion, part 1, be deleted from the published version of the opinion.

**COUNSEL**

Frank O. Bell, Jr., State Public Defender, under appointment by the Court of Appeal, Cheryl Lutz and Therene Powell, Deputy State Public Defenders, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Howard J. Schwab and Thomas L. Willhite, Jr., Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**LUI, J.**—This is an appeal from the denial of appellant's motion to suppress evidence and from the judgment of conviction which followed his guilty plea to first degree murder (Pen. Code, § 187). The murder was committed in the course of a robbery and burglary during which the victim died of a heart attack.[1] Appellant did not obtain a certificate of probable cause from the trial court pursuant to Penal Code section 1237.5.

---

[1] Upon motion of the People, following the plea, counts involving robbery and burglary as well as a special circumstance allegation were dismissed by the court.

At the time of sentencing, appellant attempted to withdraw his plea of guilty. He argued that he committed a burglary, not a murder, and that he pled guilty solely because his attorney said he would undoubtedly be convicted because of incriminating statements he had made. Appellant claimed such statements were the product of the investigating officers' deception and devious conduct. The trial court concluded that it was bound by the felony-murder rule and denied the motion to set aside the plea; it characterized appellant's trial counsel as a "very experienced and competent attorney."

The trial court found appellant ineligible for commitment to the California Youth Authority stating that it would not wish to give appellant that option if it were available. The trial court also expressed its decision not to grant appellant probation because the elderly victim was attacked by two strong young men while asleep and possibly intoxicated. After reading the probation report and the transcript of the preliminary hearing, the trial court found that appellant had played a dominant role in completion of the crime although it was possible that he may have been initially induced to participate. The court also found the offense to have been premeditated and that certain of appellant's acts suggested callousness such as bringing a rope to the scene of the crime and leaving the victim in a totally helpless condition.[2] Appellant was sentenced to 25 years to life imprisonment.

THE FACTS CONCERNING THE
MOTION TO SUPPRESS EVIDENCE*

. . . . . . . . . . . . . . . . . . . . . . . . .

DISCUSSION

1. *The Trial Court Did Not Err in Finding Appellant Voluntarily Consented to the Search of His Residence**

. . . . . . . . . . . . . . . . . . . . . . .

---

[2] While entering his guilty plea, appellant admitted that he and Michael Baker broke into the home of the victim, Walter Johnson, and tied and held Johnson during a struggle. Johnson had a heart attack while appellant held him. Appellant stated that he did not intend to harm Johnson and that he did use only such force necessary to hold Johnson down. He denied using any force that would bring about a heart attack. He was informed at the time of his guilty plea that the trial court would have to sentence him to 25 years to life.

*See footnote, *ante,* page 691.

2. *Appellant Waived the Right to Contest the Alleged Disproportionality of His Sentence When He Pled Guilty to the First Degree Murder and Failed to Obtain a Certificate of Probable Cause*

 Appellant relies on our Supreme Court's recent decision in *People v. Dillon* (1983) 34 Cal.3d 441, 479 [194 Cal.Rptr. 390, 668 P.2d 697],[8] in arguing that his conviction should either be reduced to second degree murder or that he is entitled to a new sentencing hearing to decide whether his current sentence of 25 years to life imprisonment constitutes cruel or unusual punishment. Respondent counters that appellant failed to meet the procedural requirements of Penal Code section 1237.5 for appealing from a guilty plea; that appellant cannot seek a reduction of his conviction to second degree murder for reasons of substantive law and policy; and that, in any event, the limited appellate record available shows that appellant's sentence is proportionate to both his crime and culpability.

The interplay between the rules on appellate review of a sentence following a guilty plea and the factual matters that must be considered when certain claims of disproportionality of a sentence are urged appears to be of first impression.[9] We hold that the disproportionality of a sentence cannot be reviewed on appeal when the plea was to a specific degree of a crime,

---

[8]*Dillon* involved a conviction after a jury trial where neither the judge nor the jury wanted to impose a penalty of life imprisonment or find defendant guilty of first degree murder. Our Supreme Court found the punishment violated the California Constitution's prohibition against cruel or unusual punishment and modified the judgment to second degree murder. Dillon was a 17-year-old with no prior trouble with the law; his coconspirators received extremely light sentences. Their victim, from whom they wished to steal, was growing marijuana in the Santa Cruz mountains.

[9]*People v. Kaanehe* (1977) 19 Cal.3d 1, 8 [136 Cal.Rptr. 409, 559 P.2d 1028], states that Penal Code section 1237.5, requiring a certificate of probable cause, "does not apply where a defendant does not challenge the original validity of the plea but asserts that errors were committed in proceedings subsequent to the plea for the purpose of determining the penalty to be imposed." The court considered the issue of the prosecutor's breach of a plea bargain but would not consider other issues, which had occurred prior to the plea.

In *People v. Billetts* (1979) 89 Cal.App.3d 302, 308-309 [152 Cal.Rptr. 402], the court considered the issue of cruel or unusual punishment after sentence was imposed following revocation of probation subsequent to a guilty plea; the facts of the offense were not necessary to a consideration of the issue. In the instant case, the facts of the offense are crucial to the disproportionality argument.

Similarly, in *Solem v. Helm* (1983) 463 U.S. 277 [77 L.Ed.2d 637, 103 S.Ct. 3001], the United States Supreme Court did not consider the issue in reviewing the disproportionality of a life sentence without possibility of parole for a seventh nonviolent felony, uttering a "no account" check for $100. In addition, there appears to be no dispute as to the facts of the offense in *Solem.*

In *People v. Main* (1984) 152 Cal.App.3d 686 [199 Cal.Rptr. 683] and in *People v. Juarez* (1984) 158 Cal.App.3d 412, 416 [204 Cal.Rptr. 637], the court did consider—and reject—a disproportionality argument after pleas of guilty and nolo contendere; however, neither decision refers to Penal Code section 1237.5. The issue now before us was not presented in *Main* or *Juarez.*

especially when there is no agreement as to the facts of the offense, and the appellant failed to secure a certificate of probable cause.

Penal Code section 1237.5 provides: "No appeal shall be taken by defendant from a judgment of conviction upon a plea of guilty . . . except where: [¶] (a) The defendant has filed with the trial court a written statement, executed under oath or penalty of perjury showing reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings; and [¶] (b) The trial court has executed and filed a certificate of probable cause for such appeal with the county clerk."

In *People* v. *Ward* (1967) 66 Cal.2d 571, 577 [58 Cal.Rptr. 313, 426 P.2d 881], our Supreme Court denied the People's motion to dismiss an appeal from a criminal case following a guilty plea although there was no compliance with Penal Code section 1237.5. Appellant in *Ward* was attacking alleged errors committed in the proceedings held subsequent to the guilty plea to determine the degree of his crime. The court held that the requirements of section 1237.5 did not apply under those circumstances. However, in so ruling, the court stated, "[w]hen a defendant pleads guilty to a crime not divided into degrees (*or when he pleads guilty to a particular degree of the crime*) no trial is held on the question of guilt and there are no controverted issues, since he admits every element of the crime, and the plea necessarily results in a judgment of conviction. Under these circumstances there is rationale for confining the right of appeal to a situation in which fundamental errors may have occurred." (*Id.,* at p. 575.) (Italics added.)

In the case at bench, appellant specifically pled guilty to first degree murder, so the rationale of *Ward* regarding guilty pleas to a particular degree of a crime applies. Appellant cannot proceed without complying with Penal Code section 1237.5.

Rule 31(d) of the California Rules of Court, which supports the same result, provides in pertinent part: "If the appeal from a judgment of conviction entered upon a plea of guilty . . . is based solely upon grounds (1) occurring after entry of such plea *which do not challenge the validity of the plea* or (2) involving a search or seizure, the validity of which was contested pursuant to section 1538.5 of the Penal Code, the provisions of section 1237.5 of the Penal Code requiring a statement by the defendant and a certificate of probable cause by the trial court are inapplicable, but the appeal shall not be operative unless the notice of appeal states that it is based upon such grounds." (Italics added.)

Although appellant phrases his claim in terms of punishment, and despite the fact that a sentence can usually be attacked after a guilty plea despite

the lack of a certificate of probable cause (*People* v. *Pinon* (1979) 96 Cal.App.3d 904, 910 [158 Cal.Rptr. 425]), his challenge is to the validity of his plea to first degree murder. Because of the facts of his case, he argues that the penalty imposed is disproportionate to his culpability and that the charge must be reduced pursuant to *Dillon, supra,* 34 Cal.3d 441. However, since his contention attacks the validity of his plea, it cannot be considered absent a certificate of probable cause.

In *People* v. *Pinon, supra,* 96 Cal.App.3d at page 910, Justice Kaus elaborated on the reasons for obtaining a certificate of probable cause, stating that there is a more fundamental reason why these issues may not be raised on appeal: "[S]ince they go to the question of guilt or innocence, they have been 'removed from consideration' by the guilty plea. (See *People* v. *DeVaughn* (1977) 18 Cal.3d 889, 895-896 . . . .)" ██ "By entering a guilty plea to an offense, a defendant admits each element of the offense. [Citation.]" (*People* v. *Suite* (1980) 101 Cal.App.3d 680, 689 [161 Cal.Rptr. 825].)

██ Appellant pled guilty to first degree murder, thereby admitting all elements of the offense. It would be manifestly unfair to require respondent to rebut appellant's contentions concerning the disproportionality of the sentence on a record consisting only of transcripts of the preliminary hearing and the motion to suppress evidence.[10] A prosecutor at a preliminary examination "will often limit his showing to the barest necessity." (Witkin, Cal. Criminal Procedure (1963) § 132, p. 128.) We refuse to review the proportionality of sentence, which depends on factual variations, upon such a bare record.

The judgment is affirmed.

Klein, P. J., and Arabian, J., concurred.

A petition for a rehearing was denied October 31, 1984, and appellant's petition for a hearing by the Supreme Court was denied December 13, 1984.

---

[10]In taking a plea to first degree murder and dropping the special circumstances allegation and the robbery and burglary charges, the People surely were considering the sentence appellant would receive. If a lower sentence would result, they might decide to try the case with the special circumstances allegation. Appellant was informed what his sentence would be and voluntarily agreed to the plea. He, like the People, opted for certainty. (*People* v. *Powers* (1984) 151 Cal.App.3d 905, 917 [199 Cal.Rptr. 142].) He cannot now decide to relitigate the disputed facts that he admitted through his plea.