Filed 1/29/15  P. v. Hafezi CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>FARHAD FRED HAFEZI,<br><br>        Defendant and Appellant.<br>_____ | B249035<br>(Super. Ct. No. KA090841) |
| In re<br><br>        FARHAD FRED HAFEZI<br><br>        on Habeas Corpus. | B254083<br>(Super. Ct. No. KA090841) |

        APPEAL from a judgment of the Superior Court of Los Angeles County.  Tia Fisher, Judge.  Judgment affirmed.

        ORIGINAL PROCEEDING on petition for writ of habeas corpus.  Tia Fisher, Judge.  Writ denied.

_____

        Jeffrey Brodey for Defendant, Appellant and Petitioner.

        Kamala D. Harris, Attorney General, Lance E. Winters, Assistant Attorney General, Steven D. Matthews and J. Michael Lehmann, Deputy Attorneys General, for Plaintiff and Respondent.

_____

An amended information, as relevant, charged Farhad Fred Hafezi with five counts of oral copulation with a minor (Pen. Code, § 288a, subd. (b)(1) (counts 1, 3, 7, 8, 9))[1], one count of unlawful sexual intercourse with a minor (§ 261.5, subd. (c) (count 2)) and one count of meeting a minor for lewd purposes (§ 288.4, subd. (b) (count 6)).  All counts related to Hafezi's alleged conduct with a 17-year-old girl between August 1, 2009 and May 7, 2010.  Hafezi, represented by private counsel, pleaded no contest to those charges.  He then retained new private counsel and, before sentencing, filed a motion to withdraw his plea.  After multiple hearing days with extensive testimony from various witnesses, which occurred over the course of about a year, the trial court denied the motion.  The court suspended imposition of sentence and placed Hafezi on formal probation for three years, with 180 days in county jail as a condition of probation less credit for time served and good conduct.  Hafezi obtained a certificate of probable cause and filed a notice of appeal contesting the denial of the motion to withdraw his plea.  We find no error in the denial of the motion to withdraw Hafezi's plea and thus affirm the judgment.  Hafezi concurrently filed a petition for writ of habeas corpus, which we deny.

## DISCUSSION

Although in the trial court Hafezi raised numerous grounds for withdrawal of his plea, his appeal relies on a claim of ineffective assistance of counsel based on his trial counsel's (1) erroneous advice that the trial court's indicated sentence would expire by the following Monday morning if he did not enter the plea on Friday afternoon after a long day in court; and (2) failure to advise Hafezi that if he went to trial a reasonable probability existed that he would obtain a more favorable result.  These grounds do not establish ineffective assistance of counsel.  As a result, Hafezi has not demonstrated a basis on appeal for withdrawal of his plea.

""""[T]he right to counsel is the right to the effective assistance of counsel."" [Citation.]  'The benchmark for judging any claim of ineffectiveness must be whether

---

[1]     Statutory references are to the Penal Code.

counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result.' [Citation.] 'A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction . . . has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel made errors so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable.' [Citation.]" (*In re Valdez* (2010) 49 Cal.4th 715, 729.)

"To make the required showings, [defendant] must show that his attorney's 'representation fell below an objective standard of reasonableness' 'under prevailing professional norms' [citations] and 'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome' [citation]. 'This second part of the . . . test "is not solely one of outcome determination. Instead, the question is 'whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair.' [Citation.]" [Citation.]' [Citation.]" (*In re Valdez, supra*, 49 Cal.4th at p. 729.)

"'Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable. [Citation.] A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the

3

evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy." [Citation.]' [Citation.]" (*In re Valdez*, *supra*, 49 Cal.4th at pp. 729-730.) In reviewing the denial of a motion to withdraw a plea, we adopt the trial court's factual findings if substantial evidence supports them (*People v. Fairbank* (1997) 16 Cal.4th 1223, 1254) and recognize that, in determining the facts, a trial court is not bound by defendant's uncontradicted statements (*People v. Hunt* (1985) 174 Cal.App.3d 95, 103).

Hafezi first claims ineffective assistance of counsel based on his trial counsel's purported erroneous advice that the trial court's indicated sentence would not be available on the following Monday morning, which forced Hafezi to enter the plea on Friday afternoon after a long day in court. According to Hafezi, despite it being late Friday afternoon, trial counsel advised him to plead to all counts and told him that the trial court's indicated sentence of probation with a maximum one year in county jail, as opposed to state prison as sought by the prosecutor, likely would not be available if he did not enter the plea that day. Hafezi's claim is contrary to the evidence adduced in connection with the motion to withdraw his plea. Trial counsel testified that he did not advise Hafezi to plead no contest to the charges. Rather, trial counsel advised Hafezi that whether to enter a plea or proceed to trial was Hafezi's decision, but if trial counsel were in his place he would go to trial. To the extent trial counsel stated that the court's indicated sentence might not be available the following Monday and pointed out that Hafezi might obtain advantages in sentencing by pleading that day, these were reasonable statements based on counsel's testimony that in his experience trial courts may give leniency in sentencing to a defendant who accepts responsibility soon after an indicated sentence is presented. Indeed, in denying the motion to withdraw the plea, the trial court recognized Hafezi's concern about being incarcerated and its statement made during the plea discussions that it would consider imposing "no time" if Hafezi entered a plea, despite the prosecutor's evaluation of the matter as one warranting a state prison

4

sentence. Moreover, given that the parties, along with the court, discussed a plea and the attendant consequences for a significant time on Friday, and Hafezi had consulted with both a licensing attorney regarding his medical license and an immigration attorney about his status as a Canadian citizen, entry of a plea that afternoon was in line with the day's proceedings and taken only after trial counsel repeatedly had conferred with Hafezi.

Hafezi alludes to the potential consequences of his plea of losing his license to practice medicine and being deported, as well as to his claim that he was suffering from hypoglycemia at the time he entered the plea, to bolster his claim that trial counsel should have advised him to consider the plea over the weekend. As noted, however, Hafezi consulted with both a licensing and an immigration attorney before pleading to the charged counts and extensively discussed with the trial court and his trial counsel the possibility of entering a plea. Moreover, the trial court found, "Dr. Hafezi is an orthopedic surgeon who still practices medicine. Dr. Hafezi is still engaged in surgery. According to the testimony, still maintains, I believe, two offices, one in Beverly Hills. . . . [H]ere is testimony from a doctor who is basically wanting to withdraw a plea because of all of these significant health problems, all of the significant statements made by his significant other about how confused he can get, all of that. Yet, at the same time, I'm hearing this person, Dr. Hafezi, is performing orthopedic surgery, which is pretty serious stuff, a surgeon. Stop it, Dr. Hafezi, because this is exactly what happened during the plea. Dr. Hafezi knew exactly what was going on." The court further concluded, "What I find very, very interesting, and I've watched this and I've seen Dr. Hafezi—because it's now 4:50—involved, engaged, stopping, asking questions, concerned. No different picture today than what I saw that day [he entered his plea]. Same time of day. It's been a long day. These are all hard days. Dr. Hafezi is a surgeon. He works in the afternoons over in Beverly Hills sometimes . . . . What the transcript reflects isn't that the court was under some impression that I'm dealing with a very fragile, weak, confused person. It's that I want to make sure, certain, that Dr. Hafezi was well aware of the consequences, all of them. And I'm satisfied that he was." Although Hafezi contends that the "better advice" would have been for trial counsel to tell him to

5

take the weekend to consider whether to enter a plea, claiming better advice could have been given does not establish ineffective assistance of counsel, which requires a performance below an objective standard of reasonableness.

As to his argument that trial counsel was ineffective for failing to advise him that if he went to trial a reasonable probability existed that he would obtain a more favorable result than if he entered a plea, Hafezi makes three claims: (1) trial counsel did not advise him that even if a jury convicted him on all charges he would not go to state prison because the trial court had indicated the case did not warrant a state prison sentence; (2) trial counsel did not advise him that he should not enter a plea because he had a viable defense to the charge of meeting a minor for lewd purposes because evidence was lacking that his "actions were motivated by an 'unnatural or abnormal sexual interest in children'"; and (3) trial counsel did not advise him that if he were convicted of the crimes of oral copulation and sexual intercourse with a minor he would not necessarily have to register for life as a sex offender. None of these claims has merit.

The trial court's expression that the case did not warrant a state prison sentence, contrary to the prosecutor's opinion, was made in relation to the punishment that it considered imposing pursuant to a plea and based on its understanding of the case at that time. That view did not foreclose the possibility that trial might reveal the crimes were more serious than first understood and therefore warranted a state prison sentence.

As to the claim that trial counsel failed to advise Hafezi not to enter a plea because of the purported defense to the charge of meeting a minor for lewd purposes, Hafezi did not raise this argument as a basis for ineffective assistance of counsel in his motion to withdraw the plea. In any case, counsel, as noted, told Hafezi the decision whether to enter a plea was up to him and if it were counsel making the decision for himself he would opt to go to trial. Indeed, Hafezi states in his declaration that trial counsel told him "this was a very good case for the defense." In addition, Hafezi chose not to testify at the hearings on the motion to withdraw his plea and did not state in his declaration that he would not have entered the plea had he known he had a viable defense to the charge of meeting a minor for lewd purposes.

6

Hafezi claims that trial counsel failed to tell him that convictions of the crimes of oral copulation and sexual intercourse with a minor, unlike the offense of meeting a minor for lewd purposes, gave the court discretion whether to impose lifetime sex offender registration. But whether the court would have exercised its discretion not to impose lifetime sex offender registration if Hafezi had been convicted of the oral copulation and sexual intercourse with a minor offenses, and acquitted of the charge of meeting a minor for lewd purposes, is sheer speculation. We do not know what the facts at trial would have been and whether they would have supported the discretionary imposition of lifetime sex offender registration.

To the extent Hafezi's argument is that trial counsel should have advised him that he had nothing to lose by going to trial, the United States Supreme Court has rejected such an argument as a basis for finding ineffective assistance of counsel. (*Knowles v. Morzayance* (2009) 556 U.S. 111, 122 ["no Supreme Court precedent establishing a 'nothing to lose' standard for ineffective-assistance-of-counsel claims"].)

## DISPOSITION

On the appeal, the judgment is affirmed. On the original proceeding, the petition for a writ of habeas corpus is denied.

NOT TO BE PUBLISHED.


ROTHSCHILD, P. J.

We concur:



JOHNSON, J.                          BENDIX, J.[*]

---

[*]     Judge of the Los Angeles Superior Court, Assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.