Filed 2/17/16  P. v. Grayson CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Tehama)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C078351 |
| v. | (Super. Ct. Nos. NCR83779, NCR87557 ) |
| PAUL ERIC GRAYSON, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Paul Eric Grayson has asked this court to review the record to determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  After reviewing the record, we affirm the judgment.

We provide the following brief description of the facts and procedural history of the case.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

On March 7, 2012, defendant sold methamphetamine to a confidential informant. He was charged in Tehama County case No. NCR83779 with transportation and sale of methamphetamine.  (Health & Saf. Code, former § 11379, subd. (a), Stats. 2013, ch. 504,

1

§ 2.)[1] It was also alleged defendant had a prior drug conviction (Health & Saf. Code, § 11370.2, subd. (c)) and had served three prior prison terms (Pen. Code, § 667.5, subd. (b)). On July 29, 2013, defendant was charged in Tehama County case No. NCR87557 with failure to appear in Tehama County case No. NCR83779, with the special allegations he was released on bail or his own recognizance at the time and has served three prior prison terms. (Pen. Code, §§ 1320, subd. (b), 12022.1, 667.5, subd. (b).)

Defendant pleaded no contest to transportation and sale of methamphetamine (Tehama County case No. NCR83779) and failure to appear (Tehama County case No. NCR87557), and the remaining charges in both cases were dismissed. The trial court sentenced him to serve the upper term of four years for the transportation and sale of methamphetamine, and eight months consecutive (one-third the midterm) for the failure to appear. It also imposed various fines and fees, and awarded defendant 75 days of presentence custody credit.

Defendant appeals. He did not obtain a certificate of probable cause. (Pen. Code, § 1237.5.)

Appointed counsel filed an opening brief that sets forth the facts of the cases and requests this court to review the record to determine whether there are any arguable issues on appeal. (*Wende, supra*, 25 Cal.3d 436.) Defendant filed a supplemental brief contending he was wrongly denied probation based on the probation officer's representation that he lacked remorse. He claims this was error because he wrote a letter to the trial court in which he did express remorse. We conclude there was no error.

---

[1] Effective January 1, 2014, the Legislature amended Health and Safety Code section 11379 to define "transports" as "transport for sale." (Health & Saf. Code, § 11379, subd. (c), Stats. 2013, ch. 504, § 2.) That amendment, while retroactively applicable to defendant, does not change the result here, as defendant was charged with, and subsequently convicted of, transportation *and sale* of methamphetamine. (See *In re Estrada* (1965) 63 Cal.2d 740.)

The trial court's decision to deny probation will be reversed only upon a clear showing of abuse of discretion. (*People v. Martinez* (1985) 175 Cal.App.3d 881, 896.) Here, in denying probation, the trial court noted, along with defendant's numerous prior convictions and prior poor performance on probation and parole, that defendant lacked remorse. Lack of remorse is a proper factor to consider when deciding whether to grant probation. (Cal. Rules of Court, rule 4.414(b)(7); *People v. Leung* (1992) 5 Cal.App.4th 482, 507.) While defendant did file a statement in which he set forth some of his life struggles and why he committed his offense, the credibility and weight to be accorded to this letter are matters exclusively within the province of the trial court. (*People v. Stewart* (2000) 77 Cal.App.4th 785, 790; see also *People v. Hunt* (1985) 174 Cal.App.3d 95, 103 ["[I]n determining the facts, the trial court is not bound by uncontradicted statements of the defendant"].)

Moreover, regardless of the trial court's determination as to defendant's level of remorse, it is not reasonably probable the trial court would have granted defendant probation. (See *People v. Weaver* (2007) 149 Cal.App.4th 1301, 1318-1319, disapproved on other grounds in *People v. Cook* (2015) 60 Cal.4th 922, 939.) Defendant has at least six prior felony convictions. Accordingly, as the trial court found, he was ineligible for probation in the absence of unusual circumstances. (Pen. Code, § 1203, subd. (e)(4); Cal. Rules of Court, rule 4.413.) No such circumstances are present here. As expressly found by the trial court, the crime did not differ significantly from other similar crimes. Defendant has numerous prior convictions and has previously performed poorly on probation and parole. And there were no facts reducing defendant's culpability, but not amounting to a defense. (Cal. Rules of Court, rule 4.413(c).) Accordingly, defendant was not wrongly denied probation.

Having also undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

3

# DISPOSITION

The judgment is affirmed.

_____/s/_____
HOCH, J.

We concur:

_____/s/_____
ROBIE, Acting P. J.

_____/s/_____
BUTZ, J.

4