Filed 9/13/21  P. v. Small CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>v.<br><br>FREDRIC BYRON SMALL,<br><br>  Defendant and Appellant. | 2d Crim. No. B306178<br>(Super. Ct. Nos. 19F-04294,<br>18F-00391)<br>(San Luis Obispo County) |

Fredric Byron Small appeals a judgment after his no contest pleas to failing to file a change of address as a sex offender, a felony (Pen. Code, § 290.013, subd. (a))[1] and failing to register upon release from incarceration (§ 290.015, subd. (a)). He admitted he had two prior section 288, subdivision (b) felony convictions.  The trial court sentenced him to an aggregate prison term of seven years four months.  We conclude, among other things, that 1) the trial court did not err by denying Small's

---

[1] All statutory references are to the Penal Code.

motions to withdraw his no contest pleas; and 2) Small's sentence did not constitute cruel or unusual punishment. We affirm.

FACTS

Small is a convicted sex offender who is required to register. Sheriff Detective Spencer Garrett had the responsibility of monitoring compliance by convicted sex offenders with their registration and reporting responsibilities. Garrett learned that Small had moved from his former residence but he had not filed a new registration as required by law. On January 12, 2018, Garrett arrested Small for not filing a change of address as a sex offender. Small eventually pled no contest to the section 290.013, subdivision (a) offense.

Small was serving time in jail in 2019. He was released from jail on June 4, 2019.

At the time of his release, Small was provided a "CJIS 8047" form that provided notice to Small of a "sex offender registration requirement" upon "release from the jail." Small signed that form on June 4 and acknowledged that "he had the obligation to register."

Small had "five working days" from the time of his release to register. Garrett checked a "California statewide database" to verify whether Small had registered.

On June 12, 2019, Garrett checked the database and determined that Small violated the law because he had not registered. Garrett requested "a Ramey warrant from the court and it was granted." Small was arrested.

On February 5, 2020, Small pled no contest to failing to register upon release from incarceration. (§ 290.015, subd. (a).) This was pursuant to a plea agreement with Small's counsel in the prior section 290.013 offense case (Mr. Osman) and his

2

counsel in the current section 290.015 case (Mr. Greco). Small, Osman, and Greco agreed that as part of the plea agreement Small would be sentenced in both cases, and "the total term between the two cases would be seven years four months." The trial court asked Small if he understood the plea agreement. Small nodded his head.

In order to accept the plea agreement proposed by Small's counsel, the trial court would have to strike one of Small's two prior strike offenses. Small fell within the purview of the "Three Strikes" law. The People objected to striking a prior for sentencing.

The trial court responded, "I do recognize the People's argument that there are a number of factors about [Small's] background, character, and prospects that could arguably . . . keep him squarely within the Three Strikes Law." The court said, "I believe [Small] knows he's legally required to register, but there were a number of factors that I suspect played into his commission of the offense . . . ." These included his advanced age of 83 "and the fact that he has suffered from both some physical medical issues [and] perhaps some potential mental health issues as well." The court said, "So for these reasons, I am prepared to indicate that I would strike the strike and go forward with the plea that the parties are contemplating."

The trial court asked Small if he was currently taking medication for his health issues. Small said he was taking medication "[f]or all of them." The court asked one of his defense counsel, "[Y]ou're confident that [Small] can enter into this plea this morning freely, voluntarily, knowingly, and intelligently?" Counsel responded: "I am, Your Honor."

The trial court asked Small, "Do you understand and give up your right to a jury trial?" Small: "No." The proceedings were paused so that Small could confer with his counsel. After a break, Small's counsel said Small is "ready to go forward with his plea today."

In response to the trial court's questions, Small said he agreed to give up his right to a jury trial, to present a defense, to testify, and to call witnesses, and he understood that he would receive a sentence of seven years four months. The court accepted Small's no contest plea and found he "freely, voluntarily, knowingly, and intelligently waived [his] rights."

On March 11, 2020, defense attorney Osman filed a motion to "withdraw plea" and a request for appointment of counsel. In his declaration he said, "I am informed by the defendant [Small] that he wishes to withdraw his plea . . . due to insufficient counsel . . . ."

At the hearing on April 6, 2020, Small told the trial court, among other things, that his pleas should be set aside because of "coercion" by his defense counsel; that he did not understand the plea; and that due to mental health issues, he was not capable of making a plea.

Greco, Small's defense counsel, presented facts to dispute these claims. He said, "[I]t's my belief there's not a legal basis for the withdrawal of the plea."

Judge Guerrero denied Small's motion to withdraw his pleas. He also scheduled a sentencing hearing before Judge Duffy. Small had declined to give an "*Arbuckle* waiver."

On April 20, 2020, the trial court called the case for sentencing. Small indicated he wanted a continuance to obtain different counsel. The prosecutor objected claiming the case had

4

been continued for sentencing "several times" and Small was engaging in "another stall tactic." Small requested to withdraw his pleas again. He repeated many of the claims he had made at the prior hearing where the court had denied his request to withdraw his pleas. The court again denied the request to withdraw the pleas by stating, "[W]e are going forward with sentencing today."

Small told the trial court, "I'm having pains in my chest." He said he was asking "for medical assistance right now." The court ordered a recess.

At the April 22, 2020, sentencing hearing, the trial court said that Small was not present because he "was refusing to be taken from his cell"; that at the last hearing the court had taken a recess because Small claimed he was having chest pains. Small was transported to a hospital by ambulance, but when he arrived at the hospital, "he refused treatment." He was "medically cleared" to return to his jail cell. The court said it knew he claimed to have medical issues "but it appears that what occurred on Monday may have been an attempt to delay proceedings." The court noted that when Small is in court, he is "disruptive of the proceedings."

Defense counsel Greco told the court, "I share, as an officer of the court, concerns . . . about dilatory tactics on behalf of Mr. Small." The trial court sentenced Small to an aggregate state prison term of seven years four months, the same sentence that was agreed to in the negotiated plea agreement.

## DISCUSSION

*Denying the Motions to Withdraw Small's No Contest Pleas*

Small contends the trial court abused its discretion in denying his motions to set aside the plea agreements.

5

The People claim "no one made any relevant promises to [Small]" and his health problems "did not overcome his free will to plead no contest."

The trial court is authorized to allow a defendant to withdraw a plea before judgment is entered. (*People v. Gari* (2011) 199 Cal.App.4th 510, 521.) A defendant must show good cause to set aside a plea. Good cause for a motion to vacate a plea " 'must be shown by clear and convincing evidence.' " (*People v. Hunt* (1985) 174 Cal.App.3d 95, 103.) "Grant or denial of a motion lies within the trial court's sound discretion . . . ." (*Ibid.*) "Guilty pleas resulting from a bargain should not be set aside lightly . . . ." (*Ibid.*) Consequently, an appellant must meet a strong burden to establish a trial court's abuse of discretion in deciding not to set aside the plea. (*Ibid.*)

Small sought to vacate his no contest pleas on the grounds of health, that his counsel coerced him, and that he did not understand the consequences of his pleas.

At the April 6, 2020, hearing, Small said, among other things, "I have a bipolar condition, I spent eight years at [Atascadero State Hospital], and there's psychiatric documentation of it, and it switches on and off. So when I talk to the attorneys and they said just plead guilty, plead guilty. I said, 'I want a trial because I'm innocent.' I'm innocent in the first case, the second case, the third case. So it was coercion on the part of the attorneys and . . . I feel that I didn't understand it and I wasn't capable of making a true-true plea."

Small's counsel told the trial court he reviewed the records and "a neuropsychological assessment that was conducted on December 17, 2019." He said, "I have to represent to the court there's not a basis, a legal basis for a withdrawal of plea." He

6

said that Small made "knowing, voluntary, intelligent waivers. He said, "[Small] understood when we had conversations of the legal ramifications, gave clear instructions to me and the public defender, and when we entered our pleas in the last case, some of the ideas came from him personally. So his statements made in court today belie the record . . . ."

Here there was a conflict between what Small claimed and what his attorney stated. Small has not shown why the trial court could not reasonably resolve the conflicting claims against him. The trial court exclusively decides the credibility of the parties before it. (*People v. Ochoa* (1993) 6 Cal.4th 1199, 1206.) We do not decide credibility issues. (*Ibid.*)

Moreover, the trial court made negative credibility findings about how Small had been using claims about his health conditions to manipulate various court proceedings. At the April 22, 2020, hearing, the court noted that at a prior hearing Small said that "he was suffering from a serious medical condition that required the proceeding to be recessed." An ambulance transported him to the hospital, but he refused medical treatment and was "medically cleared to return back to the jail." At the April 22nd sentencing hearing, he had the option to appear in court or "to appear via video remote at the jail." But he refused "to be removed from his cell." The court found that "when he is present in court," he is "disruptive of the proceedings." The court recognized his health claims, but it believed he was using them in "an attempt to delay proceedings."

In addition, the record shows that Small knowingly waived his rights before he entered his no contest pleas. At the February 5, 2020, plea hearing, the court asked Small, "Do you understand and give up your right to a jury trial?" Small: "Yes." The court

7

asked Small if he was willing to give up his "right to present [his] own defense, testify on [his] own behalf," and subpoena his witnesses. Small answered in the affirmative. The court asked Small if he understood that as a result of his plea he would receive an aggregate sentence of seven years four months. Small answered "Yes." The court asked, "Have any threats been made to you or anyone close to you in order to get you to enter into this plea and admissions?" Small: "No." "Have you had enough time to talk about your cases with Mr. Osman and Mr. Greco [defense counsel]?" Small: "Too much time." His counsel agreed that there was a factual basis for the plea.

After his no contest plea, the trial court found: 1) Small "voluntarily, knowingly, and intelligently waived [his] rights"; 2) he understood the "nature of the charges"; 3) he understood the "possible consequences" of his plea and admissions; and 4) there was a factual basis for his plea and admissions. Small has not shown that the court abused its discretion by denying his motions to vacate his pleas.

*The Sentence*

Small contends his sentence is unconstitutionally cruel or unusual. He claims that a seven year four month sentence for an 83-year-old defendant for failure to register offenses is constitutionally infirm. He argues that it is "in effect a life sentence."

The People claim Small is not entitled to raise this claim for the first time on appeal because he forfeited it at sentencing.

"A claim that a sentence is cruel or unusual requires a 'fact specific' inquiry and *is forfeited if not raised below*." (*People v. Baker* (2018) 20 Cal.App.5th 711, 720, italics added.)

8

At sentencing, Small's counsel did not raise a cruel or unusual punishment claim. Counsel did mention Small's age. But that was only in reference to his financial ability to pay fines. Consequently, there is merit to the People's position on forfeiture. But even on the merits of this claim, Small has not shown cruel or unusual punishment.

"The punishment provided by law may . . . run afoul of the constitutional prohibition against cruel or unusual punishment in article 1, section 17, of the California Constitution." (*People v. Mora* (1995) 39 Cal.App.4th 607, 615.) The court may consider facts about the offender in making its determination on this constitutional issue, including the defendant's age, prior criminality, personal characteristics, his or her state of mind, etc. (*People v. Dillon* (1983) 34 Cal.3d 441, 479.) But successful challenges based on claims that the sentence is so grossly disproportional that it "shocks the conscience" are rare. (*People v. Reyes* (2016) 246 Cal.App.4th 62, 86.)

A 25-years-to-life sentence may be unconstitutional for sex offender defendants who have provided law enforcement with accurate information to meet their reporting responsibilities, have acted in good faith, but, because of a mere "negligent oversight," did not comply with a requirement. (*In re Coley* (2012) 55 Cal.4th 524, 551.) Here, by contrast, the trial court did not find an innocent omission on Small's part. The court said, "[Small] knows he's legally required to register." The People note, "[Small] repeatedly flouted the registration requirement. Even when he was out on bail for failing to register, he again failed to register."

Small has not made a sufficient factual showing to identify the various facts that support a claim of an unconstitutional

9

sentence. Advanced age with health conditions does not automatically and categorically immunize that group from punishment for crimes. If it did, it would have the impact of encouraging a certain demographic to commit crimes with impunity. This would undermine the integrity of the criminal justice process.

Small is a recidivist with two prior serious felony convictions. The probation report reflects that he has a significant prior criminal record extending back from the 1950's, 1960's, 1970's, 1980's, 1990's, and 2009, and that there are no factors in mitigation. Moreover, Small has not shown how a sentence *he agreed to* in his plea agreement is an unconstitutional sentence.

Small notes the trial court considered his health issues in striking a prior strike. But the court later discovered that Small was using health claims to manipulate court proceedings and improperly delay them. The court could reasonably infer his health claims were substantially impeached by this conduct.

Moreover, Small's claim that he is subject to a life sentence is not accurate. As the People note, the trial court imposed a seven year four month sentence. But it then gave him presentence credits for 1,645 days. The People have calculated that Small "is eligible for parole *this December*." Small has not shown that he received an unconstitutional sentence.

We have reviewed Small's additional contentions and we conclude he has not shown grounds for reversal.

10

DISPOSITION

The orders and judgment are affirmed.

NOT TO BE PUBLISHED.


GILBERT, P. J.

We concur:


YEGAN, J.


TANGEMAN, J.

11

Jacquelyn H. Duffy, Judge

Superior Court County of San Luis Obispo

_____

Will Tomlinson, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Paul M. Roadarmel, Jr., and Michael Katz, Deputy Attorneys General, for Plaintiff and Respondent.