[No. G008274. Fourth Dist., Div. Three. Oct. 19, 1990.]

THE PEOPLE, Plaintiff and Respondent, v.
KENNETH HIGHTOWER, Defendant and Appellant.

**COUNSEL**

Arline A. Grotz and A. William Bartz, Jr., for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Richard B. Iglehart, Chief Assistant Attorney General, Harley D. Mayfield, Assistant Attorney General, Rudolf Corona, Jr., Janelle Davis and Rhonda L. Cartwright, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

MOORE, Acting P. J.—Kenneth Hightower appeals from the judgment following his plea of nolo contendere to 15 counts of grand theft. (Pen. Code, § 487, subd. 1.) He claims the court erroneously denied his motion to withdraw the plea because he was never advised a nolo contendere plea was considered the same as a plea of guilty.

### FACTS

The charges against appellant arose from his solicitation and receipt of deposits on imported luxury automobiles he did not intend to provide. Before appellant's preliminary hearing, in a conference with a judge of the superior court, a plea agreement was reached. Its terms were unusual and the punishment surprisingly light. Appellant would plead no contest and would receive a one-year stay on sentencing so he could make restitution to all known victims of his crimes. After one year, the court would impose thirty days of custody for each $10,000 of unpaid restitution. The prosecutor and defense counsel agreed appellant's maximum exposure under the terms of the agreement was three to four years' imprisonment.

On July 15, 1987, appellant signed a standard two-page *Tahl* (*In re Tahl* (1969) 1 Cal.3d 122 [81 Cal.Rptr. 577, 460 P.2d 449]) form setting forth the terms of the plea agreement, stating the maximum punishment for appellant's crimes was six years in prison, and providing a factual basis for the plea. In some places on the form, the word guilty was crossed out and nolo contendere was written in. In other places the word guilty was not changed. Appellant's signature appears directly below the following attestation: "I have personally initialled each of the above boxes and discussed them with my attorney. I understand each and every one of the rights outlined above and I hereby waive and give up each of them in order to enter my plea to the above charge(s). I am entering a plea of guilty because I am in fact guilty and for no other reason. I declare under penalty of perjury that the foregoing is true and correct."

On the same day, appellant entered his plea in the municipal court. The prosecutor took appellant's oral waivers in the usual manner, and, except

on one occasion, substituted the words nolo contendere for guilty where appropriate. Appellant's attorney informed the court his client's plea followed negotiations with a superior court judge, and estimated restitution would amount to $250,000 to $300,000.

On July 24, an information was filed and appellant was arraigned. Defense counsel told the court appellant "would ratify his plea of no contest as done in the municipal court." The judge set August 18 for probation and sentencing, and transferred the case to the judge who had negotiated the plea. On that date, the judge accepted appellant's certified plea. As a condition of appellant's release, he was ordered to make diligent efforts to pay restitution. He expressly accepted that condition. His attorney was ordered to establish a trust account for the deposit of funds towards restitution. Sentencing was set for August 15, 1988. It was continued twice.

Appellant moved to withdraw the no contest plea claiming he entered it because he feared a jury would believe testimony by the prosecution's main witness and not his own. Subsequently, the prosecution's witness was convicted of a felony and that conviction could now be used to impeach his credibility. Appellant also asserted he "did not realize that a no contest plea would be treated by the court as the same as a guilty plea . . . ." He also denied the factual basis for his plea and declared he was not guilty. Appellant's attorney argued he was "rushed into a deal which he did not really feel comfortable with." The court denied appellant's motion to withdraw his plea.

Appellant's request to continue sentencing was granted. He again moved to withdraw the plea arguing he had not been advised and did not realize a nolo contendere plea would be considered and treated by the court as a plea of guilty. Appellant now claimed he believed if he failed to make restitution he would be entitled to a jury trial, and he was, in fact, not guilty of the charges. A different superior court judge heard and denied the motion and appellant was sentenced.

## DISCUSSION

Appellant contends the lower court failed to comply with Penal Code section 1016, subdivision 3, because it did not ask whether he understood a plea of nolo contendere would be considered the same as a plea of guilty and he would be found guilty upon entry of a nolo contendere plea.[1] According

---

[1] Penal Code section 1016 provides, in relevant part: "There are six kinds of pleas to an indictment or an information . . . :
"1.  Guilty.
"2.  Not guilty.

to appellant, the absence of this inquiry and advisement establishes he was not aware of the consequences of his plea.

■ "While a plea of guilty may be withdrawn for mistake, ignorance, inadvertence or for any other factor overreaching a defendant's free and clear judgment, the fact of such mistake, fraud, duress or overreaching must be established by clear and convincing evidence, and an appellate court may conclude that the motion was properly denied where the defendant acted with knowledge of the facts and on advice of his counsel. [Citations.]" (*People* v. *Griffin* (1950) 100 Cal.App.2d 546, 548 [224 P.2d 47].) ■ Penal Code section 1018 permits the withdrawal of a guilty plea for good cause and requires liberal construction of its provisions to promote justice. However, the promotion of justice includes a consideration of the rights of the prosecution, which is entitled not to have a guilty plea withdrawn without good cause. (*People* v. *Waters* (1975) 52 Cal.App.3d 323, 331 [125 Cal.Rptr. 46].) ■ "[T]he withdrawal of a plea of nolo contendere . . . is within the sound discretion of the trial court after due consideration of the factors necessary to bring about a just result." (*People* v. *Rivera* (1987) 196 Cal.App.3d 924, 926-927 [242 Cal.Rptr. 191].)

Appellant was represented by counsel at all times. He specifically informed the court, orally and in writing, that he waived his constitutional rights to a jury trial, confrontation, and self-incrimination. He acknowledged he had discussed the case with his attorney, and was entering his plea freely and voluntarily, and without duress by threats or force, and that there were no promises made other than the representations in the negotiated plea agreement. In each of the motions to withdraw his nolo contendere plea, appellant claimed he did not understand the effect of the plea. However, two superior court judges found his claim unconvincing.

Appellant waited until the time to make restitution expired before asking the court for relief from his plea and the agreement to make restitution. By October 1988, appellant informed the probation department he had not

---

"3.   Nolo contendere, subject to the approval of the court. The court shall ascertain whether the defendant completely understands that a plea of nolo contendere shall be considered the same as a plea of guilty and that, upon a plea of nolo contendere, the court shall find the defendant guilty. The legal effect of such a plea, to a crime punishable as a felony, shall be the same as that of a plea of guilty for all purposes. In cases other than those punishable as felonies, the plea and any admissions required by the court during any inquiry it makes as to the voluntariness of, and factual basis for, the plea may not be used against the defendant as an admission in any civil suit based upon or growing out of the act upon which the criminal prosecution is based.

"4.   A former judgment of conviction or acquittal of the offense charged.
"5.   Once in jeopardy.
"6.   Not guilty by reason of insanity . . . ."

paid restitution and had no ability to pay it. When asked by a probation officer why he had made the restitution pledge, appellant said he had a " 'deal cooking' " in another country and he anticipated receiving a finder's fee for arranging financing for the construction of a casino there. Although he felt he should be given probation, appellant told the probation officer he expected to receive a three- to five-year prison sentence. Five months later, appellant filed his first motion to withdraw the plea claiming he did not realize his no contest plea would be treated by the court as if it were a guilty plea.

■ It is true the lower court never asked appellant whether he understood his plea of nolo contendere was the same as the plea of guilty and would result in a finding of guilt. Appellant was never advised that no difference existed between a plea of nolo contendere and a plea of guilty in a felony prosecution, and that his plea would be considered an admission of guilt in any subsequent proceeding. The court's omission constituted a failure to advise him of the consequences of his plea. While a failure to secure a knowing and intelligent waiver of each constitutional right is per se reversible error, the failure to advise a defendant of the consequences of his plea or admission will be set aside only if the error is deemed to be prejudicial. (*In re Ronald E.* (1977) 19 Cal.3d 315, 321, 325 [137 Cal.Rptr. 781, 562 P.2d 684]; *People* v. *Ray* (1990) 220 Cal.App.3d 943, 945, 946-947 [269 Cal.Rptr. 682].)

In *People* v. *Caban* (1983) 148 Cal.App.3d 706 [196 Cal.Rptr. 177], this court reversed a conviction by plea when a defendant was not told his admission of a gun use allegation would render him legally ineligible for probation. We found the failure to advise defendant of the consequences of his admission of the gun use allegation constituted error and that error was prejudicial to him. (*Id.* at pp. 709-710.) We said: "While an uninformed waiver of defendant's constitutional rights to a jury trial, to confront witnesses and against self-incrimination ' . . . renders a plea or admission involuntary and requires that it be set aside, an uninformed waiver based on the failure of the court to advise an accused of the consequences of an admission constitutes error which requires that the admission be set aside only if the error is prejudicial to the accused.' [Citations.] This is so because advisement regarding the consequences of a plea or admission is not constitutionally compelled but constitutes 'a judicially declared rule of criminal procedure.' [Citation.]" (*Id.* at p. 711; see also *People* v. *Wright* (1987) 43 Cal.3d 487, 494-495 [233 Cal.Rptr. 69, 729 P.2d 260].)

Although Penal Code section 1016, subdivision 3 states in part, "[t]he legal effect of such a plea, to a crime punishable as a felony, shall be the same as that of a plea of guilty for all purposes . . . ," appellant has not

shown the court's failure to advise him of the consequences of a nolo contendere plea was prejudicial. There has been no factual showing he was sued civilly and he thought the nolo contendere plea could not be used against him in a civil action. While appellant declares he did not know a plea of nolo contendere "would have the same effect as a guilty plea for all cases," nothing in the record before us shows any civil action has been filed by any of the victims where his plea could be used as an admission.

Appellant's claim of error is based on his second declaration in which he denies his guilt of the offenses. His declaration completely contradicts the *Tahl* form in which he specifically attested, "I am entering a plea of guilty because I am in fact guilty and for no other reason." That attestation followed appellant's acknowledgment he had "solicited and received funds from the named persons, under false pretenses." ■ "A defendant who knowingly and voluntarily pleads guilty or nolo contendere can hardly claim that he is unaware that he might be convicted of the offense to which he pleads; his plea demonstrates that he not only knows of the violation but is also prepared to admit each of its elements." (*People* v. *West* (1970) 3 Cal.3d 595, 612 [91 Cal.Rptr. 385, 477 P.2d 409].)

■ In fact, the only change in circumstances since appellant entered his plea of nolo contendere of which we are aware is that a principal adverse witness has been convicted of a crime and is impeachable. The lower court could properly conclude appellant's change of mind regarding entry of the plea was due not to a sudden realization the court failed to advise him of the legal distinction between a plea of nolo contendere and a plea of guilty, but rather was motivated by the fortuitous circumstance that the prosecution's star witness is now a convicted felon. Therefore, it is not reasonably probable a different result would have been reached had the court, at the time appellant entered his plea, asked if he completely understood the plea would be considered the same as a plea of guilty and that the court would find him guilty. (*People* v. *Watson* (1956) 46 Cal.2d 818, 836 [299 P.2d 243]; *In re Ronald E.*, *supra*, 19 Cal.3d 315, 325.)

■ Appellant also contends that he was not adequately advised of the sentencing consequences of his plea agreement since the amount of restitution was never fixed and the amount of exposure was approximated at two and a half years. The record is clear. Appellant acknowledged the court could send him to prison for a maximum of six years. He obtained the court's agreement to stay sentencing for one year during which time he would "endeavor to make restitution." Appellant further agreed to be sentenced at the end of one year to thirty days for each $10,000 still unpaid. When appellant paid no restitution he was sentenced to the middle term of two years in prison. The length of the sentence was less than the

approximation made when the plea was entered. Since appellant was advised of the maximum sentence and the approximate exposure under the terms of the plea agreement, there was no error.

The judgment is affirmed.

Wallin, J., and Crosby, J., concurred.