Filed 1/23/14  P. v. Garfield CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>DAVID LUIS GARFIELD,<br><br>    Defendant and Appellant. | F066818<br><br>(Super. Ct. No. PCF254693)<br><br>**ORDER MODIFYING OPINION**<br>**[NO CHANGE IN JUDGMENT]** |

**THE COURT**\*

It is ordered that the opinion filed herein on January 8, 2014, be modified as follows:

1.  On page 2, in the first paragraph of the opinion beginning "David Luis Garfield," any references to "Garcia" within that paragraph are to be changed to "Garfield."

There is no change in judgment.

_____

Cornell, Acting P.J.

---

\*        Before Cornell, Acting P.J., Gomes, J. and Hoff, J.†

†        Judge of the Superior Court of Fresno County, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

Filed 1/8/14 (unmodified version)

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> DAVID LUIS GARFIELD, <br><br> Defendant and Appellant. | F066818 <br><br> (Super. Ct. No. PCF254693) <br><br><br> **OPINION** |

THE COURT[*]

APPEAL from a judgment of the Superior Court of Tulare County. Elisabeth Krant, Judge.

John F. Schuck, under appointment by the Court of Appeal, for Defendant and Appellant.

---

[*] Before Cornell, Acting P.J., Gomes, J. and Hoff, J.[†]

[†] Judge of the Superior Court of Fresno County, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Julie A. Hokans and J. Robert Jibson, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

David Luis Garfield was charged with several crimes in a 10-count indictment that included several enhancements. He pled guilty to four counts and one enhancement for an agreed-upon term of 14 years in prison. Before sentencing, Garcia moved to withdraw his plea, asserting newly discovered evidence provided good cause for doing so within the meaning of Penal Code section 1018.[1] The trial court denied the motion and sentenced Garcia to the agreed term. Garcia argues the trial court abused its discretion in denying his motion to withdraw his plea. We find no abuse of discretion and affirm the judgment.

## FACTUAL AND PROCEDURAL SUMMARY

Garfield was charged with two counts of robbery (§ 211), two counts of conspiracy to commit a robbery (§§ 182, subd. (a)(1), 211), two counts of assault with a firearm (§ 245, subd. (a)(2)), transportation of methamphetamine (Health & Saf. Code, § 11379, subd. (a)), possession of methamphetamine for the purposes of sale (*id.,* § 11378), evading a police officer (Veh. Code, § 2800.2, subd. (a)), and receiving stolen property (Pen. Code, § 496, subd. (a)). One count of robbery, conspiracy, and assault with a firearm arose out of an incident that occurred on July 5, 2011. The second count of robbery, conspiracy, and assault with a firearm arouse out of an incident that occurred on July 7, 2011. The transportation, possession, evading, and receiving stolen property charges arose out of the pursuit and arrest of Garfield as he was trying to escape following the July 7, 2011, robbery. A large quantity of methamphetamine and money from the second robbery was found in his possession when he was apprehended. The two

---

[1]All statutory references are to the Penal Code unless otherwise stated.

robbery counts also charged Garfield with personally and intentionally discharging a firearm within the meaning of section 12022.53, subdivisions (b) and (c). The transportation and possession counts also alleged the amount of methamphetamine exceeded 28.5 grams within the meaning of section 1203.073, subdivision (b)(2).

Prior to the preliminary hearing, Garfield pled no contest to the two robbery counts, the transportation count, and the evading a peace officer count for an agreed term of 14 years in prison. On the first robbery count (July 5, 2011, incident), Garfield agreed to plead no contest pursuant to *People v. West* (1970) 3 Cal.3d 595[2] to the charge and the People dismissed both firearm enhancements. On the second robbery charge (July 7, 2011, incident) Garfield pled no contest to the robbery and admitted the firearm use enhancement, and the People dismissed the firearm discharge enhancement. The sentence on the first robbery count was imposed concurrently with the sentence on the second robbery count.

Since Garfield entered a plea, we take the following facts from the probation report, which apparently were obtained from the police reports. On July 7, 2011, two Hispanic males robbed a convenience store. Both were armed and one subject discharged his firearm to obtain the compliance of the victim. The perpetrators obtained cash, a bank envelope, and the victim's wallet.

A short while later, officers attempted to stop a suspicious vehicle. The vehicle accelerated and led officers on a high-speed chase, which eventually ended when the driver stopped the vehicle. Garfield and his minor cousin were the occupants of the vehicle. Inside the vehicle officers found bags from the convenience store containing cash and methamphetamine. Garfield and his cousin matched the description of the perpetrators provided by the victim, including the clothing worn by the perpetrators. Garfield admitted possessing the methamphetamine for sale but denied committing the

---

[2]A *West* plea is a no contest plea with the defendant not admitting a factual basis for the plea exists. (*In re Alvernaz* (1992) 2 Cal.4th 924, 932 (*Alvernaz*).)

robbery.  Garfield's cousin, however, admitted he and Garfield had committed the robbery.  Security video of the July 5, 2011, robbery suggested the same perpetrators committed both robberies.

Prior to sentencing, Garfield filed a motion to withdraw his plea.  The trial court denied the motion and sentenced Garfield to the agreed-upon term of 14 years.  Garfield filed a notice of appeal, and the trial court granted his motion for a certificate of probable cause to challenge the order denying his motion to with draw his plea.

## DISCUSSION

Section 1018 permits a defendant to move to withdraw his plea for good cause at any time before judgment is entered.  A no contest plea is treated the same as a guilty plea for the purposes of section 1018.  (*People v. Rivera* (1987) 196 Cal.App.3d 924, 926-927.)  To establish good cause, a defendant must show by clear and convincing evidence that his plea was the result of mistake, ignorance, or any other factor overcoming the exercise of free judgment.  (*People v. Cruz* (1974) 12 Cal.3d 562, 566.)  We review a trial court's decision to deny a defendant's motion to withdraw his or her plea for an abuse of discretion.  (*People v. Fairbank* (1997) 16 Cal.4th 1223, 1254.)

Garfield argues he entered his plea only because he was denied his constitutional right to effective assistance of counsel.  Counsel was ineffective, according to Garfield, because he failed to conduct adequate investigation and locate two witnesses who would provide exonerating testimony on his behalf.  "It is well settled that where ineffective assistance of counsel results in the defendant's decision to plead guilty, the defendant has suffered a constitutional violation giving rise to a claim for relief from the guilty plea.  [Citations.]  In *Hill* [*v. Lockhart* (1985) 474 U.S. 52 (*Hill*)], the United States Supreme Court applied the criteria for assessing ineffective assistance of counsel, set forth in *Strickland v. Washington* (1984) 466 U.S. 668, to a claim of incompetent advice as to the decision whether to plead guilty.  The court held that in order successfully to challenge a guilty plea on the ground of ineffective assistance of counsel, a defendant must establish

4.

not only incompetent performance by counsel, but also a reasonable probability that, but for counsel's incompetence, the defendant would not have pleaded guilty and would have insisted on proceeding to trial. [Citation.]" (*Alvernaz, supra,* 2 Cal.4th at p. 934.)

Therefore, to prevail, (1) Garfield must establish that counsel was ineffective, and (2) if counsel had acted competently, there is a reasonable probability he would have not pled guilty and would have insisted on going to trial.

We begin our analysis with the first part of this test, which we find dispositive. When a defendant enters a guilty plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice "was within the range of competence demanded of attorneys in criminal cases." (*McMann v. Richardson* (1970) 397 U.S. 759, 771.) "[A] defendant who pleads guilty upon the advice of counsel 'may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in *McMann*.' [Citation.]" (*Hill, supra,* 474 U.S. at pp. 56-57.) Counsel is ineffective, or not competent, if his or her conduct falls below an objective standard of reasonableness under prevailing professional norms. (*People v. Dennis* (1998) 17 Cal.4th 468, 540-541.) We indulge in a strong presumption that counsel's actions fell within the wide range of reasonable professional assistance. (*Id*. at p. 541.) This presumption does not shield counsel's actions from meaningful scrutiny, nor will we automatically validate challenged acts or omissions. (*Ibid*.)

Garfield is correct that the failure to conduct adequate investigation can constitute ineffective assistance of counsel, and, if proven, is proper grounds for withdrawing a guilty plea. (*Hill, supra,* 474 U.S. at p. 59.) To support his argument, Garfield presented the declaration of his current attorney, Ken Brock, which was filed in support of a motion to continue the sentencing hearing. Brock explained he substituted into the case after Garfield entered his plea. Prior defense counsel informed Brock there were two potential witnesses, D.A. and R.G., but stated he was unable to locate the potential witnesses.

5.

Brock located D.P. through Garfield's family. D.P. told Brock that Garfield was not a party to either robbery, but he did not know anything about the charges related to the methamphetamine. Brock was also optimistic he would be able to contact the second witness.

Brock's declaration was executed on December 10, 2012. The motion to withdraw Garfield's plea was filed on January 30, 2013. Brock executed a second declaration in support of the motion, but he did not present any additional information about these two witnesses. We assume Brock was unable to speak with the second witness or the second witness was not helpful.

We see two issues regarding the first part of the ineffective assistance of counsel test. The first issue is whether prior defense counsel was ineffective for failing to locate the witness D.P. Brock did not suggest so in his declaration, and we are not able to conclude from this record that he was ineffective. While Brock was able to speak with D.P., there is no explanation about why prior defense counsel was unable to do so. To establish prior defense counsel was ineffective, Garfield needed to explain that D.P. was at all times available and prior defense counsel simply failed to contact him. From this record, it is possible D.P. was unavailable for any number of possible reasons, and it was impossible for prior defense counsel to do so, despite his best efforts. There is no evidence to suggest the family had unlimited access to D.P. at all times. Accordingly, on this record, we cannot conclude that prior defense counsel was ineffective.

The second issue regarding the first part of the ineffective assistance of counsel test is that Brock's vague declaration does not provide clear and convincing evidence D.P.'s testimony was truly exonerating. Brock simply states that D.P. would testify Garfield was not a party to either robbery. Brock failed to explain the testimony D.P. would give to support this conclusion. Was D.P. the actual perpetrator, a witness, or the recipient of second hand knowledge? Was he or she with Garfield at some other location

6.

when the robberies were committed, thus providing an alibi? The minimal information provided by Brock created more questions than it answered.

Moreover, the absence of a declaration from D.P. renders this proposed testimony highly suspicious. If D.P. was willing to testify, he or she should have been willing to execute a declaration that would explain his or her proposed testimony. The absence of a declaration suggests the testimony was, perhaps, fabricated, or D.P. was not willing to testify. In contrast, the evidence marshaled by the prosecution strongly suggested Garfield was the perpetrator. In any event, it is abundantly clear the trial court did not abuse its discretion in concluding there was not clear and convincing evidence (1) the new witness was material, or (2) prior defense counsel was ineffective.

Contrasting the facts in this case with *United States v. Garcia* (9th Cir. 2005) 401 F.3d 1008 (*Garcia*) supports our conclusion. Garcia was arrested for manufacturing methamphetamine and a related gun charge. The charges resulted from a search warrant of a home at which Garcia was located. The search resulted in the discovery of equipment to manufacture methamphetamine and other related items, including several firearms.

Before sentencing, Garcia moved to withdraw his plea on the basis of a newly discovered witness. This witness executed a declaration that directly contradicted the statement of the owner of the house, who also lived in the house. The newly discovered witness related she had lived at the house until four days before the search. The witness asserted Garcia never lived at the house, but he would come over to the house on occasion. The witness also noted that the day after she moved out of the house, two men moved into the portion of the house where the firearms were located. The witness recognized two of the seized firearms as belonging to the husband of the owner of the house. The witness had never seen Garcia in possession of the weapons. (*Garcia, supra,* 401 F.3d at p. 1010.)

The appellate court noted the new witness directly contradicted statements made by the owner of the house, and also distanced Garcia from the weapons found during the search. The appellate court concluded this evidence was "relevant evidence in Garcia's favor that could have at least plausibly motivated a reasonable person in Garcia's position not to have pled guilty had he know about the evidence prior to pleading." (*Garcia, supra,* 401 F.3d at pp. 1011-1012.) The appellate court concluded the newly discovered evidence constituted "'a fair and just reason'" for requesting withdrawal of his plea, which is the standard employed in federal courts. (*Id.* at pp. 1013-1014.)

The declaration in *Garcia* established the new witness's identity, the foundation for her statements, and gave specific factual statements explaining why her testimony would benefit Garcia. Here, Garfield did not present a declaration, did not identify the witness, and did not provide any foundation for the supposedly exonerating testimony. These differences doomed Garfield's motion.

## DISPOSITION

The judgment is affirmed.

8.