Filed 2/27/14  P. v. Carranza CA5

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | F066552 |
| v. | (Tulare Super. Ct. No. VCF266748A) |
| ROBERTO MORA CARRANZA, | **O P I N I O N** |
| Defendant and Appellant. | |

### THE COURT\*

APPEAL from a judgment of the Superior Court of Tulare County.  Gary L. Paden, Judge.

William D. Farber, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Stephanie A. Mitchell and Sean M. McCoy, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

\*        Before Levy, Acting P.J., Cornell, J., and Gomes, J.

# INTRODUCTION

On April 19, 2012, appellant, Roberto Mora Carranza, was charged in a criminal complaint with possession of marijuana for sale (Health & Saf. Code, § 11359, count 1), cultivating marijuana (Health & Saf. Code, § 11358, count 2), and possession of marijuana for sale (Health & Saf. Code, § 11359, count 3). Count 3 further alleged that appellant was a principal armed with a firearm pursuant to Penal Code section 12022, subdivision (a)(1) when committing count 3.

Pursuant to a plea agreement, on July 12, 2012, appellant admitted count 3 and the special allegation with the understanding he would receive a grant of felony probation. In taking appellant's change of plea, the trial court advised appellant that there were "probably going to be adverse immigration consequences." The court told appellant he would probably be deported and denied naturalization, reentry into the United States, and citizenship. When asked if he understood these consequences of his plea, appellant replied, "Yes."

On August 15, 2012, the court suspended imposition of sentence, placed appellant on felony probation, and ordered him to serve 270 days in county jail, according to the terms of the plea agreement. On October 18, 2012, appellant filed a motion to withdraw his plea on the ground that he had not been properly advised by his trial counsel concerning the immigration consequences of his plea. After an evidentiary hearing, the trial court denied the motion.

On appeal, appellant's sole contention is that the court erred in denying his motion to withdraw his plea. We affirm.

# FACTS

On April 17, 2012, sheriff's deputies executed a search warrant at appellant's residence. In one of the bedrooms, deputies found four bags of marijuana weighing

2

1,412.5 grams, three bags of marijuana weighing 243.6 grams, and marijuana weighing 183.9 grams and 157.8 grams. Marijuana weighing 6.1 grams, 35 grams, 8.3 grams and 2.7 grams were found in various other rooms of the residence. Deputies located pay/owe sheets, a scale, packaging materials, a grow light, a notebook with contact information, a surveillance camera, a digital video recorder, and six cell phones. In a separate location, deputies found 872 marijuana plants growing in a structure of aluminum siding and a travel trailer. The minimum estimated yield of these plants was approximately one pound of marijuana per plant.

Deputies also found .22 caliber live ammunition, a .22 caliber magazine, .22 caliber live ammunition in a second location, fourteen 410 gauge shotgun rounds, .40 caliber ammunition, a box of miscellaneous live ammunition, a .22 caliber Colt pistol, a second .22 caliber magazine loaded with eight live rounds, and more miscellaneous live ammunition.

## MOTION TO WITHDRAW PLEA

Appellant's motion to withdraw his plea stated in the introduction to the motion, which was not made under penalty of perjury, that he entered his plea on the advice of his trial counsel. Appellant's counsel was retained, appellant never saw him outside the courtroom, and appellant only spoke to counsel briefly.[1] Appellant's motion stated that defense counsel never discussed defenses with appellant. Appellant was told to follow the script given to him by the court, answer yes to the questions asked by the court, and to not think about the questions. The introduction to the motion stated that trial counsel told appellant the charges would not affect his documents, meaning his immigration status. Counsel advised appellant to plead guilty to the allegation that he possessed marijuana for sale.

---

[1] Appellant's motion to withdraw his plea was prepared by the public defender's office.

Appellant's motion was heard on October 26, 2012. It was continued several times and completed on January 3, 2013. Appellant testified he was a resident alien with a green card. Prior to his change of plea, appellant's attorney, Mr. Canalez, told appellant that concerning immigration consequences he would not have a problem. Canalez also told appellant it was to his benefit to enter the plea agreement.

On cross-examination, appellant admitted he had an interpreter and that the court talked to him about his rights and the consequences of his plea. When asked if the court informed appellant of any adverse consequences to his plea, appellant replied he did not understand very well. Apparently referring to Canalez, appellant said he had been told he would not have any problems.

The prosecutor brought the trial court's attention to its advisement to appellant concerning the immigration consequences of his plea. The court noted its statement to appellant was stronger than what the court typically advised, which is that there is a possibility the defendant will be deported. In this case, the court told appellant he would probably be deported. Appellant stated that he ignored the court's advisements because of counsel's advice.

Appellant claimed his attorney only met with him at court prior to changing his plea and once at his home. Appellant estimated he talked to his attorney for half an hour at most. Appellant denied that he talked to his attorney about the possibility of deportation.

Canalez testified that he represented appellant in the instant action as retained counsel. Canalez reviewed the discovery and consulted with appellant concerning the case, first in his office and later at appellant's house. During the conversations, which each lasted for between an hour and an hour and a half at his office and again at appellant's home, Canalez reviewed appellant's rights, defenses, and the entire discovery

4

packet. Canalez also discussed with appellant the possible range of punishment. Canalez is fluent in Spanish. Appellant appeared to understand everything Canalez told him.

When asked about reviewing the immigration consequences of the plea, Canalez explained he told appellant that he was not an immigration attorney. Canalez advised appellant to discuss the matter with an immigration attorney because appellant faced felony charges that were "possibly subject to deportation." Canalez was asked if he told appellant that by entering a plea he may be subject to deportation. Canalez replied, "Absolutely."

Appellant appeared to Canalez to be very concerned about the immigration consequences of his plea. Concerning count 3 and the special allegation, Canalez told appellant that if he admitted these allegations he would be deported and would need to contact an immigration attorney.

Canalez explained that he left the decision to enter into a plea agreement up to appellant. Canalez explained that in the end, appellant took the offer of 270 days of local time and probation. Canalez did not "force" appellant to enter into the plea agreement. Canalez did not advise appellant to answer every question put to him by the trial court with a "yes." Canalez did not direct appellant to ignore the trial court's advisements.

Canalez was aware that the allegations against appellant constituted an aggravated felony. Canalez explained to appellant that a plea to these allegations would lead to deportation. Canalez did not research to determine if there was a related charge with better immigration consequences. Canalez did not consider trying to plead appellant up to a lesser charge such as offering to sell or give away marijuana.

The court found that Canalez told appellant he would be deported if he admitted count 3 and the special allegation and advised appellant to seek advice from an immigration attorney. The court found appellant's testimony to be in direct conflict with Mr. Canalez's testimony and denied appellant's motion to withdraw his plea.

5

## DISCUSSION

Appellant contents the trial court abused its discretion in denying his motion to withdraw his plea because appellant established good cause to withdraw his plea. Appellant further argues that trial counsel failed to negotiate a plea to an offense that was not an aggravated felony under federal law and that his attorney's representation was ineffective.

### Alleged Abuse of Discretion

Penal Code section 1018 permits a trial court to allow a criminal defendant to withdraw his or her guilty plea "'for a good cause shown.'" (*People v. Wharton* (1991) 53 Cal.3d 522, 585 (*Wharton*).) Good cause for withdrawal of a guilty plea can be shown by mistake, ignorance or any other factor overcoming the exercise of free judgment. (*People v. Cruz* (1974) 12 Cal.3d 562, 566.) "It is the defendant's burden to produce evidence of good cause by clear and convincing evidence." (*Wharton*, at p. 585.) Penal Code section 1018 is given liberal construction of its provisions to promote justice. The promotion of justice also includes a consideration of the rights of the prosecution, which is entitled not to have a guilty plea withdrawn without good cause. (*People v. Hightower* (1990) 224 Cal.App.3d 923, 928 (*Hightower*).)

Granting a motion to withdraw a guilty plea or a plea of no contest lies within the sound discretion of the trial court after due consideration of the factors necessary to produce a just result. (*Hightower*, *supra*, 224 Cal.App.3d at p. 928.) Appellate courts will not disturb the denial of a motion to withdraw a plea unless abuse of the court's discretion is clearly demonstrated. (*Wharton*, *supra*, 53 Cal.3d at p. 585.)

In determining the facts the trial court is not bound by statements of the defendant even if they are uncontradicted. (*People v. Hunt* (1985) 174 Cal.App.3d 95, 103 (*Hunt*).) The trial court is the trier of fact and the judge of the credibility of the witnesses and/or affiants. The trial court resolves conflicting factual questions and draws any resulting

6

inferences. As is the case with most other evidentiary rulings before the trial court, we apply the substantial evidence rule on appellate review; viewing the evidence in a light most favorable to respondent and presume in support of the judgment the existence of every fact the trier could reasonably deduce from the evidence. (*People v. Quesada* (1991) 230 Cal.App.3d 525, 533; accord, *Hunt,* supra, 174 Cal.App.3d at p. 104 [in plea withdrawal proceeding where two conflicting inferences can be drawn from the evidence, it is the reviewing court's duty to adopt the one supporting the challenged order].)

The facts adduced at the hearing were that appellant was advised by his own counsel prior to entering the plea agreement that he could be deported by entering a plea to count 3 and the gun allegation. The trial court also advised appellant of the immigration consequences of his plea, including the probability of appellant's deportation. There is no merit to the contention that appellant was unaware of the immigration and naturalization consequences of his plea prior to admitting the allegations.

*Alleged Ineffective Assistance of Counsel*

Appellant further argues that his trial counsel was ineffective for failing to enter into further plea negotiations with the prosecutor to one of the other allegations. There are multiple flaws with this contention. First, appellant was in possession of over 2,000 grams of marijuana, a gun, multiple types of ammunition, a scale, pay/owe sheets, and other drug paraphernalia in his residence. At a second location, appellant and a codefendant possessed 872 marijuana plants.

Under federal law, appellant's offense, regardless of the Health and Safety Code violation alleged, involved a huge quantity of marijuana, a gun and multiple types of ammunition. A criminal defendant can be deported where he or she has been convicted of a law involving regulation of a controlled substance, "other than a single offense involving possession for one's own use of 30 grams or less of marijuana." (8 U.S.C.S.

7

§ 1227, subd. (a)(2)(B)(i).) Possession of marijuana for sale is aggravated felony under federal law. (8 U.S.C.S. § 1101, subd. (a)(43)(B).) Pleading to different allegation in the criminal complaint would not have helped appellant's cause.

Appellant relies on *People v. Bautista* (2004) 115 Cal.App.4th 229 (*Bautista*). In *Bautista*, the defendant was arrested after investigators found 100 pounds of marijuana in a storage locker he was renting with his brother. (*Id.* at pp. 232-234) The *Bautista* court found ineffective assistance of counsel because the defendant's attorney did not attempt to plead up to a lesser offense that was not an aggravated felony under federal immigration law. (*Id.* at pp. 239-242.) Because the defendant was a co-renter of the storage unit, had no past convictions, did not personally possess contraband or weapons, and no weapons were used in the crime, the court in *Bautista* described the defendant's offense as "relatively innocuous." (*Id.* at p. 242.)

We do not find *Bautista* persuasive because its entire analysis is predicated on the premise that there was a reasonable probability the prosecutor and trial court would have been amenable to allowing the defendant to plead up to a nonaggravated felony.[2] We do

---

[2] Appellant's challenges can be construed to be a challenge to the effectiveness of his trial counsel. The defendant has the burden of proving ineffective assistance of trial counsel. To prevail on a claim of ineffective assistance of trial counsel, the defendant must establish not only deficient performance, which is performance below an objective standard of reasonableness, but also prejudice. A court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Tactical errors are generally not deemed reversible. Counsel's decisionmaking is evaluated in the context of the available facts. To the extent the record fails to disclose why counsel acted or failed to act in the manner challenged, appellate courts will affirm the judgment unless counsel was asked for an explanation and failed to provide one, or, unless there simply could be no satisfactory explanation. Prejudice must be affirmatively proved. The record must affirmatively demonstrate a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. (*People v. Maury* (2003) 30 Cal.4th 342, 389.) Attorneys are not expected to engage in tactics or to file motions that are futile. (*Id.* at p. 390; also see *People v. Mendoza* (2000) 24 Cal.4th 130, 166.)

8

not find this premise convincing. Even if we did not question the holding in *Bautista*, however, we find its facts inapposite to those in the instant action. Unlike the defendant in *Bautista*, appellant had a handgun, ammunition and ammunition clips for that gun, ammunition for other weapons including a shotgun, and was found in possession of large quantities of marijuana in and around his home. The quantities of marijuana were found in several different locations, along with scales, pay/owe sheets, and several cell phones.

In addition, appellant was growing marijuana in another location where investigators retrieved 872 marijuana plants. Combined with the evidence seized from appellant's home, the large quantity of marijuana appellant was growing showed strong indicia that appellant was involved in production, sales and transportation of substantial quantities of marijuana. There is nothing in the instant record to indicate that the prosecutor and trial court would have allowed appellant to plead to a different allegation, a lesser included offense, or would have been willing to drop the special gun allegation. This is especially the case here because of the apparent large scale of appellant's drug operation.

Furthermore, appellant's counsel had explained to appellant that he would likely be deported. According to Mr. Canalez, appellant was nevertheless very interested in having a local jail commitment of only 270 days and being placed on probation. We do not find that trial counsel's performance was below professional norms. We also do not find that had trial counsel attempted further plea negotiations with the prosecutor, it was reasonably probable appellant would have been found guilty of anything other than an aggravated felony. Under the facts of this case, appellant has failed to demonstrate prejudice.

The court reasonably could conclude appellant's plea was voluntary. Appellant has not demonstrated the court abused its discretion in denying his withdrawal of plea motion. Appellant has further failed to show his trial counsel was ineffective or that he

9

would have obtained a better outcome in the proceedings had trial counsel proceeded with additional plea negotiations.

## DISPOSITION

The judgment is affirmed.