Filed 9/30/15  P. v. Clayton CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>ELIJAH HAMIN CLAYTON,<br><br>        Defendant and Appellant. | A143353<br><br>(Alameda County<br>Super. Ct. No. 174430C) |

On July 16, 2013, defendant and two other males, each holding a gun and pointing it at four victims, took personal property from them.[1]  Defendant entered a plea of no contest to one count of second degree robbery, and was sentenced to the midterm of three years in state prison.  Defendant has filed a timely appeal from the judgment of conviction challenging the denial of his request to withdraw his plea of no contest.  As required under *People v. Kelly* (2006) 40 Cal.4th 106, 124, we affirmatively note counsel for defendant has filed a *Wende* brief (*People v. Wende* (1979) 25 Cal.3d 436) raising no arguable issues, counsel apprised defendant of his right to file a supplemental brief, and defendant did not file such a brief.  Upon review of the record for potential error, we conclude no arguable issues are presented for review and affirm the judgment.

**BACKGROUND**

Defendant was charged in a second amended complaint with seven counts of second degree robbery (Pen. Code,[2] § 211), and one count of attempted second degree

---

[1] The facts are taken from the probation report.

[2] All statutory references are to the Penal Code.

robbery (§§ 664/211).  The complaint also alleged defendant was armed in the commission of those offenses.  (§ 12022, subd. (a)(1).)

On April 28, 2014, pursuant to a negotiated agreement, defendant entered a plea of no contest to count one, second degree robbery, in exchange for a sentence of three years in state prison.  The balance of the complaint was dismissed.

Several months later, however, defendant filed a motion to withdraw his plea of no contest, asserting he "did not understand with precision all that was entailed in the disposition because he was excited and nervous" about the commencement of the preliminary hearing.  Finding no good cause to allow defendant to withdraw his plea, the court denied defendant's motion and sentenced him to three years in state prison.

## DISCUSSION

Defendant's notice of appeal challenges the denial of his motion to withdraw his plea of no contest.

Section 1018 permits the withdrawal of a guilty plea for good cause.  A defendant moving to withdraw a plea must establish by clear and convincing evidence that the plea was entered as a result of mistake, ignorance, inadvertence, or was not entered freely and voluntarily.  (*People v. Hightower* (1990) 224 Cal.App.3d 923, 928.)  " '[T]he withdrawal of a plea of nolo contendere . . . is within the sound discretion of the trial court after due consideration of the factors necessary to bring about a just result.' " (*Ibid.*)

We conclude the court did not abuse its discretion in denying defendant's motion to withdraw.  Review of the record establishes defendant knew he was pleading no contest pursuant to a plea bargain.  Further, the record does not demonstrate the plea was coerced or involuntary.  Nor was the plea a result of mistake, ignorance, or inadvertence.

In sum, defendant was ably represented by counsel throughout the course of the proceedings, there was no error in the entry of defendant's plea or in the sentencing, and defendant's motion to withdraw was properly denied.

The judgment is affirmed.

2

_____

Margulies, Acting P.J.

We concur:


_____

Dondero, J.


_____

Banke, J.


A143353

3

*People v. Clayton*

4