Filed 2/16/21  P. v. Holt CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>DOMINICK MATTHEW HOLT,<br><br>    Defendant and Appellant. | A161016<br><br>(Lake County<br>Super. Ct. No. CR952151) |

Defendant Dominick Matthew Holt entered a plea of no contest to one count of forcible sexual penetration (Pen. Code,[1] § 289, subd. (a)(1)(C)), and was sentenced to the low term of six years in state prison.  Holt appeals from the judgment of conviction challenging the denial of his request to withdraw his plea of no contest.  His counsel has asked this court for an independent review of the record to determine whether there are any arguable issues. (*People v. Wende* (1979) 25 Cal.3d 436.)  Holt was informed of his right to file a supplemental brief and did not do so.  We conclude there are no arguable issues and affirm.

In October 2018, 14-year-old S.D. reported that she had been sexually assaulted by Holt at a residence where she had been temporarily staying.[2]

---

[1] All further undesignated statutory references are to the Penal Code.

[2] The facts are taken from the preliminary hearing.

1

Holt was charged with forcible sexual penetration (§ 289, subd. (a)(1)(C) [count I]); forcible sexual intercourse (§ 261, subd. (a)(2) [count II]); and indecent exposure (§ 314 [count III]). In January 2019, Holt was found incompetent but his competency was later restored and criminal proceedings resumed with a preliminary hearing in July 2019.

On the eve of trial, Holt indicated that he wanted to enter a change of plea. On February 7, 2020, Holt pled no contest to one count of forcible sexual penetration in exchange for a maximum of six years in prison and sex offender registration upon his release. Several months later—and represented by a new attorney—Holt moved to withdraw his plea on the grounds that he did not understand the consequences of the plea. According to the motion, Holt, who suffers from unspecified bipolar disorder, also has "consistently had cognitive impairment which impacts his ability to understand abstract concepts."

At an evidentiary hearing, Holt testified the medication he takes for "depression and . . . anger outbursts" makes him "slow" and unable to "understand[] certain words and conversations." Holt said he had been persuaded by some jail inmates to take the plea so that he could go to prison with them in a group. Holt recalled talking with counsel and going over the change of plea form, but said that, at the time of his plea, he did not understand the elements of the charges against him or what it meant to plead no contest. Holt said he did not remember the plea colloquy with the judge and did not understand what a free and voluntary plea meant. He recalled being asked at the time if he had any questions and telling the judge that he did not. Holt remembered initialing and signing the plea form but "lied" when he told the judge that he understood what the plea form meant because he thought going to prison with the others was "the best option."

2

Trial counsel, Dana Liberatore, testified he was surprised when Holt told him on February 7, 2020, that he wanted to change his not guilty plea. Liberatore said he "had met with [Holt] very extensively throughout the preparation of the case," "had spoken with his family as well," and had the impression that Holt was not going to "take a deal." On the day of the plea, Liberatore said he was "alert" for any cognitive difficulties Holt might have been having due to medication, but he saw none. Knowing that Holt had been previously found incompetent, Liberatore spent extra time explaining the plea to Holt, approximately 45 minutes compared to his normal advisements of 20 or 30 minutes, "to make sure he really knew what he was doing." At no point did Holt express a lack of understanding about the information Liberatore provided. Liberatore averred that he would not have submitted the plea form if he thought Holt did not understand its contents.

In denying the motion, the trial judge found Liberatore's testimony to be very credible, and the judge specifically remembered taking the no contest plea and recalled that Liberatore "spent a considerable amount of time" going over the plea terms with Holt in the jury room on the day of the plea. The trial judge said he had "no shadow of a doubt" that at the time of the plea Holt understood what he was doing. The judge found that Holt made a "rational, understandable decision" to take the plea, doing so while knowingly and intelligently waiving his trial rights with an understanding of the consequences. According to the judge, Holt gave "intelligent, appropriate responses" without any hesitation.

Holt appealed and requested a certificate of probable cause, alleging that he was denied the right to a jury trial when the court denied his motion to withdraw the plea. The trial court issued the probable cause certificate.

## DISCUSSION

Section 1018 permits the withdrawal of a guilty plea for good cause. A defendant moving to withdraw a plea must establish by clear and convincing evidence that the plea was entered as a result of mistake, ignorance, inadvertence, or was not entered freely and voluntarily. (*People v. Hightower* (1990) 224 Cal.App.3d 923, 928.) " '[T]he withdrawal of a plea of nolo contendere . . . is within the sound discretion of the trial court after due consideration of the factors necessary to bring about a just result.' " (*Ibid.*)

We conclude the court did not abuse its discretion in denying Holt's motion to withdraw. Review of the record establishes Holt knew he was pleading no contest pursuant to a plea bargain. Further, the record does not demonstrate the plea was coerced or involuntary. Nor was the plea a result of mistake, ignorance, or inadvertence.

In sum, Holt was ably represented by counsel throughout the course of the proceedings, there was no error in the entry of Holt's plea or in the sentencing, and Holt's motion to withdraw was properly denied.

The judgment is affirmed.

_____

Humes, P.J.

WE CONCUR:

_____

Margulies, J.

_____

Banke, J.

*People v. Holt*  A161016

5