Filed 10/27/14  P. v. Lowry CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>DARYL EUGENE LOWRY,<br><br>    Defendant and Appellant. | D064764<br><br><br>(Super. Ct. Nos. SCS 261008, SCS250371, SCS224512) |

APPEAL from a judgment of the Superior Court of San Diego County, Stephanie Sontag, Judge.  Affirmed.

Patrick J. Hennessey, Jr., under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Charles C. Ragland and Teresa Torreblanca, Deputy Attorneys General, for Plaintiff and Respondent.

1

Defendant Daryl Eugene Lowry appeals from the trial court's judgment denying his motion to withdraw his guilty plea under Penal Code section 1018.[1] Lowry pled guilty to assault by means likely to produce great bodily injury (§ 245, subd. (a)(4)). Lowry contends the court abused its discretion when it denied his motion to withdraw his guilty plea because he was under the influence of a psychotropic medication when he signed the plea agreement and entered the plea and has since maintained his innocence. As we explain, we find no abuse of discretion and affirm the judgment.

FACTUAL AND PROCEDURAL BACKGROUND

A. *Facts of Arrest and Priors*

During a November 2012 altercation with a San Diego Transit System Private Security officer, Lowry struck and choked the officer. During his arrest, Lowry took the officer's baton and struck him with it. Lowry was charged in an information with assault by means of force likely to produce great bodily injury (§ 245, subd. (a)(4)), assault with a deadly weapon (§ 245, subd. (a)(1)), robbery (§ 211), and illegal possession of a billy club (§ 22210). Lowry pled guilty to assault by means of force likely to produce great bodily injury and admitted one strike prior.

At the time of the incident, Lowry was on probation for a December 2008 conviction in case number SCS224512 for assault with a deadly weapon, assault with force likely to cause great bodily injury and an October 2011 conviction in case number SCS250371 for making a criminal threat. The court revoked probation in both cases.

---

[1]    All further statutory references are to the Penal Code.

2

The court sentenced Lowry to a four-year prison term, imposing a low term of two years doubled by the Three Strikes law to run concurrently with his revocation of probation sentences.

B. *Guilty Plea*

The record showed Lowry and his attorney thoroughly reviewed the plea agreement before Lowry entered his plea. In exchange for Lowry's plea, Lowry would serve a four-year prison term concurrent with his two probation cases and he would not face a five-year sentence enhancement for his prior serious felony conviction.

While completing the plea form, Lowry stated he was under the influence of medication. His attorney suggested they stop the review process. Lowry, however, stated he was fine and wanted to proceed. Lowry initialed the required boxes on the form, including the one stating, "I'm sober, my judgment is not impaired." Lowry's attorney also advised him to inform the court if his thinking was affected by any medications when entering his plea.

At the plea hearing, the court first heard Lowry's *Marsden* motion.[2] During the *Marsden* hearing, Lowry presented the court with a letter, seeking to remove his attorney from the case and withdraw the guilty plea he had not yet entered. In the letter, Lowry stated he *had not* taken his medication the day he reviewed and signed the plea agreement and therefore did not sign the plea agreement as an exercise of his free judgment. The court assured Lowry he had not yet entered his plea and it was his choice alone whether

---

[2]     *People v. Marsden* (1970) 2 Cal.3d 118 (*Marsden*).

he pleaded guilty or went to trial. The court, Lowry and his attorney had an extensive discussion in which Lowry acknowledged his testimony was the only evidence in favor of his innocence. Lowry indicated he understood he would need to testify to establish self-defense, but if he did so, his testimony would enable the prosecution to introduce evidence of his prior convictions, which could influence the jury's perception of him. Lowry's attorney also reminded him there was a witness who would testify seeing Lowry with the officer's baton. Lowry ultimately decided to enter his plea. The court denied the *Marsden* motion, finding Lowry's attorney was competent.

Lowry then entered his plea and denied under oath taking any medications that would affect his ability to knowingly enter the plea. Lowry, through his attorney, stipulated to the preliminary hearing transcript, in which the officer testified Lowry assaulted him, to establish the factual basis for his plea. The court and Lowry then discussed postponement of sentencing to allow him to see his mother, who was travelling.

C. *Motion to Withdraw Guilty Plea*

Before sentencing, the court allowed Lowry to bring a motion to withdraw his guilty plea. The court also relieved Lowry's attorney and appointed an alternate public defender to bring the motion. Lowry subsequently filed his motion pursuant to section 1018, contending he had not made a knowing, intelligent and voluntary waiver of his rights because he *had* taken medication that affected his thinking at the time he entered the plea.

4

The trial court denied Lowry's motion. The court reviewed Lowry's medical chart from the San Diego County Sheriff's Department and a document outlining Remeron, an antidepressant, and its side effects. The medical charts showed Lowry denied experiencing any of Remeron's side effects during a medical visit. Although drowsiness is a possible side effect, the court found Lowry was not drowsy during the plea hearing.

The court found Lowry denied under oath having taken any medications affecting his ability to understand the proceedings, he appeared lucid at the time of the plea and he chose to enter the plea after considering his options. The court therefore found Lowry did not meet his burden to prove by clear and convincing evidence that he did not knowingly, voluntarily and intelligently waive his rights.

Lowry obtained a certificate of probable cause and appeals.

DISCUSSION

I

A court may permit a defendant to withdraw a guilty plea if the defendant shows good cause by clear and convincing evidence. (§ 1018; *People v. Nance* (1991) 1 Cal.App.4th 1453, 1456.) Good cause includes "[m]istake, ignorance or any other factor overcoming the exercise of free judgment." (*People v. Johnson* (2009) 47 Cal.4th 668, 679.) The court may consider its own observations of the defendant's mental state during the plea hearing to assess whether the defendant knowingly entered the plea. (*People v. Fairbank* (1997) 16 Cal.4th 1223, 1254 (*Fairbank*); *People v. Ravaux* (2006) 142 Cal.App.4th 914, 918.)

"We recognize that an accused's claim of innocence does not preclude entry of a guilty . . . plea where the court taking the plea ascertains a 'factual basis' therefor." (*In re Alvernaz* (1992) 2 Cal.4th 924, 940, fn. 9.)  Accordingly, a "plea may not be withdrawn simply because the defendant has changed his mind." (*People v. Huricks* (1995) 32 Cal.App.4th 1201, 1208, citing *People v. Nance*, *supra*, 1 Cal.App.4th at p. 1456.)

The trial court's exercise of discretion to grant or deny a defendant's motion to withdraw a guilty plea "is final unless the defendant can show a clear abuse of that discretion." (*Fairbank*, *supra*, 16 Cal.4th at p. 1254.)  " 'Guilty pleas resulting from a bargain should not be set aside lightly and finality of proceedings should be encouraged.' " (*People v. Ravaux*, *supra*, 142 Cal.App.4th at p. 919, quoting *People v. Hunt* (1985) 174 Cal.App.3d 95, 103.)  We " 'must adopt the trial court's factual findings if substantial evidence supports them.' " (*People v. Breslin* (2012) 205 Cal.App.4th 1409, 1416, quoting *Fairbank*, *supra*, at p. 1254.)

## II

Lowry contends the trial court abused its discretion when it denied his motion because he was drowsy and his thinking was affected by psychotropic medication when he entered the plea.  Lowry argues Remeron's side effect of drowsiness rendered him unable to knowingly and intelligently waive his trial rights.  The trial court's finding otherwise is supported by substantial evidence.

In response to the court's questioning, Lowry stated under oath he read and understood the contents of the plea form.  The court asked Lowry if he had taken any medication, drugs or substance of any kind that would affect his ability to understand the

6

proceedings. Lowry responded he had not. Lowry's former attorney testified Lowry did not appear to be under the influence of any drug when he signed and entered the plea. Moreover, the court found Lowry was "lucid" and "anything but drowsy" when he entered his guilty plea.

The only exculpatory evidence Lowry presents is his assertion of innocence, which alone is unpersuasive when the trial court has found a factual basis for the plea. (See *In re Alvernaz*, *supra*, 2 Cal.4th at p. 940, fn. 9.) The court also found Lowry made a rational decision to plead guilty after he considered the risks of going to trial, considering he would have faced a five-year sentence enhancement if convicted. Accordingly, Lowry is not permitted to withdraw his guilty plea because he has now changed his mind. (*People v. Huricks* (1995) 32 Cal.App.4th at p. 1208.)

Because there is substantial evidence that Lowry knowingly, voluntarily, and intelligently waived his right to trial, the trial court did not abuse its discretion when it denied Lowry's motion to withdraw his guilty plea.

DISPOSITION

The judgment is affirmed.

MCCONNELL, P. J.

WE CONCUR:

HALLER, J.

AARON, J.

7