Filed 6/3/22  P. v. Gustafson CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE, | C093874, C093975 |
| Plaintiff and Respondent, | (Super. Ct. Nos. 19F3790, 20F5636, 20F6313) |
| v. | |
| ANDREW PAUL GUSTAFSON, | |
| Defendant and Appellant. | |

Defendant Andrew Paul Gustafson appeals from a judgment entered following his negotiated pleas of no contest to arson of another's property in case No. 19F3790 and vandalism causing over $400 in damage in case No. 20F5636.  As to the latter case, defendant admitted a prior strike allegation based on the former.  The trial court sentenced defendant to a stipulated total term of four years in prison in case No. 20F5636 and a concurrent three year upper term in case No. 19F3790.  On appeal, defendant contends:  (1) the trial court abused its discretion in denying his motion to withdraw his no contest plea in case No. 19F3790, and (2) alternatively, he must be resentenced under

1

Senate Bill No. 567 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 731) (Senate Bill No. 567). We conclude the trial court did not abuse its discretion in denying his motion to withdraw his no contest plea in case No. 19F3790. Additionally, we accept the People's concession that defendant is entitled to resentencing under Senate Bill No. 567. Accordingly, we vacate the sentence and remand the matter to the trial court for resentencing. The judgment is otherwise affirmed.

## I. BACKGROUND

On June 19, 2019, defendant was charged in case No. 19F3790 with arson of another's property (Pen. Code, § 451, subd. (d)—count 1)[1] and non-vehicular pollution (Health & Saf. Code, § 42400, subd. (a)—count 2). Pursuant to a negotiated agreement, defendant pled no contest to count 1, which qualified as a "strike," and count 2 was dismissed. The plea agreement specified defendant would be placed on probation for three years and be released from custody that day pursuant to a *Cruz* waiver.[2]

In December 2019, defendant moved to withdraw his no contest plea.

Before the motion was heard, the district attorney filed a second criminal complaint, in case No. 20F5636, charging defendant with one count of vandalism causing over $400 in damage (§ 594, subd. (b)(1)). This complaint further alleged that defendant had sustained a prior strike conviction based on his arson conviction in case No. 19F3790.

On September 10, 2020, the court denied defendant's motion to withdraw his plea in case No. 19F3790, finding he had not shown good cause.

In October 2020, the district attorney filed a third criminal complaint, in case No. 20F6313, charging defendant with two counts of vandalism causing over $400 in damage

---

[1] Undesignated statutory references are to the Penal Code.

[2] *People v. Cruz* (1988) 44 Cal.3d 1247.

(§ 594, subd. (b)(1)).  As to both counts, it was further alleged that defendant had sustained a prior strike conviction in case No. 19F3790.

On February 10, 2021, defendant pled no contest to both vandalism counts in case No. 20F6313 and admitted the prior strike allegations.  He also pled no contest to vandalism in case No. 20F5636 and admitted the prior strike allegation.  The plea agreement specified that if defendant appeared at sentencing, he would be permitted to withdraw his plea to the two counts of vandalism in case No. 20F6313, the remaining charges would be dismissed, and his sentence would be four years with any arson sentence to run concurrently and not to increase the total sentence.

Defendant appeared for sentencing and the court permitted him to withdraw his plea in case No. 20F6313.  The court then sentenced defendant to a total term of four years in prison:  a two year middle term for vandalism in case No. 20F5636 doubled for the prior strike; and a concurrent three year upper term for arson in case No. 19F3790.

## II.  DISCUSSION

A.      *Motion to Withdraw from 2019 Plea*

1.      *Defendant Enters His No Contest Plea*

On July 2, 2019, the prosecutor read the terms of the plea agreement in case No. 19F3790 onto the record and the court clarified the charged offense was a strike before it turned to defendant:

"THE COURT:  Okay.  And, Mr. Gustafson, is that your understanding?

"THE DEFENDANT:  Yes, Your Honor.

"THE COURT:  Okay.  Did you understand everything the Prosecutor said?

"THE DEFENDANT:  Yes, Your Honor.

"THE COURT:  Do you have any questions about anything that he said?

"THE DEFENDANT:  No, Your Honor.

"THE COURT:  Okay.  Now, I have in my hand a waiver of plea of guilty or no contest form, and [the] record should reflect I'm showing you this form now, right?

3

"THE DEFENDANT: Yes, Your Honor.

"THE COURT: And there are initials in the boxes, and then . . . the back page has today's date with what appears to be . . . a signature.

"THE DEFENDANT: Yes, Your Honor.

"THE COURT: Are those your initials, and is that your signature?

"THE DEFENDANT: Yes, Your Honor.

"THE COURT: Have you had a sufficient amount of time to go over this waiver form with your attorney?

"THE DEFENDANT: Yes, Your Honor.

"THE COURT: You understand the rights that you have, the rights that you're giving up, and the consequences of your plea?

"THE DEFENDANT: Yes, Your Honor.

"THE COURT: Do you have any questions about this being a strike?

"THE DEFENDANT: No, Your Honor.

"THE COURT: All right. And do you know what that means?

"THE DEFENDANT: Yes, Your Honor.

"THE COURT: And what does that mean?

"THE DEFENDANT: Exactly what I read in that form there, sir.

"THE COURT: Okay. Basically, what it says is that if in the future you are arrested and charged with a new offense and convicted of that new offense, you could receive a substantially higher sentence because it's a strike prior.

"THE DEFENDANT: Yes, Your Honor.

"THE COURT: All right. And the form goes through it all, and you understand it?

"THE DEFENDANT: Yes, Your Honor.

"THE COURT: Okay. And then, Counsel, you also have signed and dated this form?

4

"[DEFENSE COUNSEL]: Yes, Your Honor.

"THE COURT: And you've gone over the charges with the defendant, the possible defenses, consequences of the plea, including the strike prior?

"[DEFENSE COUNSEL]: Yes, Your Honor.

"THE COURT: All right. And in your opinion, he's doing this freely, voluntarily, knowingly, and intelligently?

"[DEFENSE COUNSEL]: Yes, Your Honor.

"THE COURT: Okay. And, [prosecutor], you also have signed and dated this form and you've gone over everything and you believe it's correct, is that correct?

"[THE PROSECUTOR]: Yes, Your Honor.

"THE COURT: Okay. So, the proposed disposition is that it will be Count 1, and Count 2 will be dismissed, three years formal probation. . . . You understand all of that?

"THE DEFENDANT: Yes, Your Honor.

"THE COURT: Okay. So you understand you have a right to a court or jury trial, where the district attorney has the burden to prove beyond a reasonable doubt that a crime was committed and that you committed that crime. Do you understand and give up that right?

"THE DEFENDANT: Yes, Your Honor.

"THE COURT: You also have a right . . . to present evidence on your own behalf and use the subpoena power of the Court to bring in any witnesses that may help you at your defense at no cost to you. Do you understand and give up that right?

"THE DEFENDANT: Yes, Your Honor.

"THE COURT: You also have the right to confront and cross-examine the witnesses, which means through your attorney, you may question all witnesses presented against you. Do you understand and give up that right?

"THE DEFENDANT: Yes, Your Honor.

"THE COURT: You also have the right to remain silent. No one can force you to testify against yourself or say anything that may tend to incriminate you. Do you understand and give up that right?

"THE DEFENDANT: Yes, Your Honor.

"THE COURT: Has anyone promised you anything other than what's been stated in open court on the record here this morning?

"THE DEFENDANT: No, Your Honor.

"THE COURT: Has anybody threatened you or forced you to enter this plea and give up your rights?

"THE DEFENDANT: No, Your Honor.

"THE COURT: You are doing so freely and voluntarily with full knowledge of all the rights that you have?

"THE DEFENDANT: Yes, Your Honor.

"THE COURT: Counsel is pleased with your consent?

"[DEFENSE COUNSEL]: Yes, Your Honor.

"THE COURT: Is there a stipulated factual basis?

"[THE PROSECUTOR]: Yes, Your Honor, pursuant to the Cal Fire Report Number 19CASHU006333.

"[DEFENSE COUNSEL]: People v. West,[3] Your Honor.

"THE COURT: Okay. I find the defendant has been fully advised and understands his Constitutional rights, [and] freely, voluntarily, knowingly, intelligently waive[s] those rights. I further find there is a factual basis for the plea based on the police report in the file."

---

[3] *People v. West* (1970) 3 Cal.3d 595.

Defendant then pled no contest to arson of another's property as charged in count 1 and acknowledged that he understood that, as a result of the plea, he would be found guilty of the offense.

2. *Hearing on Motion to Withdraw from Plea*

At the hearing on the motion to withdraw this plea, defendant testified that when he entered it, he had been housed at the Shasta County Jail in solitary confinement for more than two weeks. He said he had been confined to his cell for 23 hours a day and had no contact with other people.

Defendant testified that he began taking anxiety medication in 2010. In 2015, he was confined in a different jail in solitary confinement and "suffered a very high delusional effect where [he] was unable to sleep for about eight or nine days," and he was still in counseling. He explained that his 2019 confinement caused him to have high anxiety and "desperation." Defendant testified that he was not taking his medications at the time he entered his 2019 plea and that he believes his decision making is poor when he does not take his medication.

Defendant testified that when he went to court on July 2, 2019, he was desperate to be released. Defendant said the consequences of the plea did not matter to him because he did not look beyond the fact he would be getting out of jail that day. Defendant said he did not listen to his attorney's description of the contents of the paper he signed and did not read it or understand its contents. Defendant said, "[i]n order for me to get out of jail, I would have signed anything."

On cross-examination, defendant admitted he was currently not taking his medications and said he felt better because it had been six months since he had taken them. Defendant explained he was not taking his prescriptions because he was under the influence of drugs. Defendant admitted that, in 2019, he did not tell the judge or his attorney he was having problems.

7

Defendant's father testified that he visited defendant three times at the Shasta County Jail in 2019. Defendant's father said defendant had appeared distraught, was crying, and pleaded for help getting out of jail. Defendant's father said he had been afraid his son would attempt suicide.

Defendant's mother testified that she spoke to defendant over the phone while he was confined in the Shasta County Jail in 2019. She said she was a retired psychiatric nurse and she opined that when defendant did not take his medication he had symptoms of depression, anxiety, and low energy, and difficulty listening, understanding, and sleeping. She said, "We were told by the attorney that this did not rise to arson and not to worry about it. I told him over and over, 'Don't make any pleas because you did not commit arson and this can be taken care of,' and he would not listen." She later clarified this was not a conversation with the public defender who represented defendant in conjunction with the 2019 plea deal; she never spoke with that attorney.

Defense counsel argued the plea was not voluntary, intelligent, or knowing because defendant's only concern was getting out of jail. The People argued defendant had not met his burden and asserted he spoke with the court "more than 40 times during the taking of the plea. The court made observations that his plea was knowing and intelligent."

The trial court denied defendant's motion to withdraw his plea. The court explained defendant had failed to meet his burden of showing good cause by clear and convincing evidence.

### 3. *Defendant Failed to Meet His Burden of Proof*

"At any time before judgment, or within six months after an order granting probation if entry of judgment is suspended, a trial court may permit a defendant to withdraw a guilty plea for 'good cause shown.' (§ 1018.)" (*People v. Patterson* (2017) 2 Cal.5th 885, 894.) No contest pleas are treated the same as guilty pleas for this purpose. (§ 1016.) "To establish good cause to withdraw a guilty plea, the defendant must show

8

by clear and convincing evidence that he or she was operating under mistake, ignorance, or any other factor overcoming the exercise of his or her free judgment, including inadvertence, fraud, or duress.  [Citation.]  The defendant must also show prejudice in that he or she would not have accepted the plea bargain had it not been for the mistake." (*People v. Breslin* (2012) 205 Cal.App.4th 1409, 1416.)

"A trial court's decision whether to permit a defendant to withdraw a guilty plea under section 1018 is reviewed for abuse of discretion."  (*People v. Patterson, supra*, 2 Cal.5th at p. 894.)  " 'Guilty pleas resulting from a bargain should not be set aside lightly and finality of proceedings should be encouraged.' "  (*People v. Ravaux* (2006) 142 Cal.App.4th 914, 919.)

Defendant contends his exercise of free judgment at his 2019 plea hearing was overcome by "myriad emotional pressures," and he did not voluntarily enter his plea.  He argues the trial court's determination that he did not show good cause to withdraw the plea was unsupported by substantial evidence.  "[A] reviewing court must adopt the trial court's factual findings if substantial evidence supports them."  (*People v. Fairbank* (1997) 16 Cal.4th 1223, 1254.)  Here, the only finding the court articulated when it denied defendant's motion was that he had failed to meet his burden of proof.

The evidence submitted in support of defendant's motion consisted of testimony from defendant and his parents surrounding his mental state at the time of the plea.  (See *People v. Hartsch* (2010) 49 Cal.4th 472, 491 ["Our review, of course, is limited to the evidence before the court when it heard the motion"].)  The court may also consider its own observations of the defendant from the plea hearing.  (*People v. Ravaux, supra*, 142 Cal.App.4th at p. 918.)  Here, the transcript of the plea hearing does not reflect any of the issues defendant now asserts; rather, it supports the court's contemporaneous determination that defendant entered the plea freely, voluntarily, knowingly, and intelligently.  "The court may also take into account the defendant's credibility and his interest in the outcome of the proceedings."  (*Ibid.*)  Further, the assertion that

defendant's conditions of confinement and lack of medication resulted in him being unable to freely enter his plea were undermined by the fact that at the hearing on his motion to withdraw his plea he was unmedicated and housed in "very similar" conditions as he was when he entered the plea. Thus, "the evidence was contradictory and the trial court was entitled to resolve the factual conflict against appellant. Where two conflicting inferences may be drawn from the evidence, it is the reviewing court's duty to adopt the one supporting the challenged order." (*People v. Hunt* (1985) 174 Cal.App.3d 95, 104.)

We conclude the court properly determined defendant failed to show, by clear and convincing evidence, good cause to withdraw his July 2019 no contest plea. Therefore, the court's denial of his motion to withdraw the plea was not an abuse of discretion.

B.      *Senate Bill No. 567*

As set forth above, defendant was sentenced to a concurrent three-year upper term for arson in case No. 19F3790. The court stated no reasons for selecting the upper term. On appeal, defendant argues, and the People concede, the matter must be remanded for resentencing pursuant to amended section 1170. We accept the People's concession.

"Effective January 1, 2022, our determinate sentencing law, section 1170, was amended in several fundamental ways. [Citations.] Relevant here, Senate Bill No. 567 amended section 1170, former subdivision (b) by making the middle term the presumptive sentence for a term of imprisonment unless certain circumstances exist." (*People v. Flores* (2022) 73 Cal.App.5th 1032, 1038.) A trial court "may impose a sentence exceeding the middle term only when there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term, and the facts underlying those circumstances have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial." (§ 1170, subd. (b)(2).) "The People correctly concede the amended version of section 1170, subdivision (b) that became effective on January 1, 2022, applies retroactively in this case as an ameliorative change in the law applicable to

10

all nonfinal convictions on appeal." (*Flores, supra*, at p. 1039.)  We will remand for the trial court to resentence defendant under the amended law.  (*Id.* at p. 1040.)

### III.  DISPOSITION

The sentence is vacated, and the matter remanded to the trial court to resentence defendant under section 1170 as amended by Senate Bill No. 567.  The judgment is otherwise affirmed.


/S/

RENNER, J.



We concur:


/S/

HOCH, Acting P. J.


/S/

KRAUSE, J.


11